EFFIE LOVELL et al., Plaintiffs-Appellants, v. JOSEPH J. HASTINGS, Defendant-Appellee—(VALLE YOUNG, Defendant.)

(No. 72-173; )

Fifth District—April 4, 1973.

*Rehearing denied June 4, 1973.*

John E. Norton, of Belleville, and Norman I. Barron, of Cincinnati, Ohio, (Edward J. Kionka, of counsel,) for appellants.

Robert F. A. Stocke, of Smith, McCollum & Riggle, of Flora, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

Plaintiffs, Effie and Mamie Lovell, brought an action in the Circuit Court of Clay County to recover damages for injuries suffered as a result of a collision between two automobiles on February 7, 1967. Plaintiffs were passengers in an automobile driven by Valle Young on U.S. Route 50 in Clay County, Illinois. Defendant, Joseph J. Hastings, was driving on Route 50 in the opposite direction and allegedly turned into the path of the Young automobile. There was a collision and Mrs. Lovell was injured. The trial court, on the motion of the defendant, Hastings, dismissed the counts of the complaint directed toward him under Supreme Court Rule 103 (b) (Ill. Rev. Stat., ch. 110 A, par. 103 (b)), for plaintiffs' failure to exercise reasonable diligence to obtain service of process upon Hastings and entered judgment in favor of Hastings from which this appeal is taken.

The plaintiffs maintain on appeal that by appearing generally and defending this action, including full and voluntary participation in pretrial discovery procedures, defendant waived any objection he may have had with respect to service of process.

The record indicates that the plaintiffs undertook considerable effort in their attempt to serve the defendant. The original complaint was filed

on June 18, 1968 and on February 10, 1971, substituted service of process was obtained through service upon the Secretary of State in accordance with Ill. Rev. Stat., ch. 95½, par. 10—301. Subsequent to the substituted service upon the Secretary of State, the Defendant on March 11, 1971 filed a special appearance objecting to the form of affidavit used to obtain service and moved to quash the service. The defect in the affidavit was corrected by interlineation and the record shows no further action in regard to this motion.

On June 11, 1971 plaintiff filed and served interrogatories directed toward the defendant. Sworn answers to these interrogatories were filed by the defendant.

On July 12, 1971 the defendant and the plaintiffs along with their attorneys met in the office of the plaintiffs' attorney and discovery depositions were taken at that time of the defendant by plaintiffs' attorney and of plaintiffs by counsel for the defendant.

On July 14, 1971 defendant filed a motion to dismiss the complaint for failure to exercise due diligence to obtain service of process and in the alternative for failure to state a cause of action. After the affidavit of the plaintiffs' investigator was filed the trial court entered an order dismissing Counts I and II of the complaint pursuant to Supreme Court Rule 103 (b) on September 1, 1971.

■■ The plaintiffs filed a motion to amend the judgment order or in the alternative for a rehearing. The latter was granted. After the rehearing at which time plaintiffs' investigator testified, the trial court entered an order reaffirming the dismissal of Counts I and II of the complaint with prejudice. Dismissal for lack of diligence under Supreme Court Rule 103 (b) (Ill. Rev. Stat., ch. 110A, par. 103 (b)), does not require that defendant proceed by way of a special appearance. (*Caliendo v. Public Taxi Service, Inc.*, 70 Ill.App.2d 86.) However this does not change the general rule as set forth in *Lord v. Hubert*, 12 Ill.2d 83, that participation by the defendant in the trial may constitute a waiver of the right to question the court's jurisdiction of the person of the defendant.

■■ We find that the delay from March 11, 1971 to July 14, 1971 in filing the motion coupled with the participation in the case as here outlined constitutes a waiver of the objection.

For the foregoing reasons the judgment of the Circuit Court of Clay County is reversed, and this case is remanded for action consistent with this opinion.

Reversed and remanded.

G. MORAN, P. J., and JONES, J., concur.