MARGARET SEMERSKY, Plaintiff-Appellant, v. JAMES A. WEST *et al.*, Defendants-Appellees (Du Page Memorial Hospital, Defendant).

Second District   No. 2—87—0567

Opinion filed February 19, 1988.

Louis S. Goldstein and Cindy G. Fluxgold, both of Louis S. Goldstein & Associates, Ltd., and Michael W. Rathsack, both of Chicago, for appellant.

Molly J. Skiles, of O'Reilly, Cunningham, Norton & Mancini, of Wheaton, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Margaret Semersky, appeals from an order of the circuit court of Du Page County dismissing her complaint against defendants, James A. West, M.D., and Donald Michaels, M.D., with prejudice pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) for her failure to exercise reasonable diligence in obtaining service after expiration of the statute of limitations. Plaintiff's appeal raises the following issues: (1) whether the decision of our supreme court in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, should be limited to prospective application; (2) whether defendants waived their right to object to plaintiff's lack of diligence in obtaining service; and (3) whether the trial court erred in determining that plaintiff did not exercise reasonable diligence in obtaining service after the expiration of the statute of limitations. We affirm.

Plaintiff's complaint alleges that she was hospitalized for a fractured spine on June 7, 1980, and received treatment from defendants. The complaint further alleges certain negligent acts and omissions on the part of defendants in the course of treating plaintiff and that these negligent acts and omissions were not discovered until June 7, 1982. Plaintiff's original complaint was filed in the circuit court of Cook County on June 7, 1984. The statute of limitations for medical malpractice actions (Ill. Rev. Stat. 1985, ch. 110, par. 13—212) provides that such actions must be filed within two years of the date on which the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury or death for which damages are sought. Thus, the complaint was filed on the day the applicable limitations period was due to expire.

A special process server was appointed on December 6, 1984. Dr. Michaels was served on March 25, 1985. Dr. West was not served. A motion for change of venue was filed on behalf of both defendants on May 15, 1985. Plaintiff filed a motion for voluntary dismissal without prejudice pursuant to section 2—1009 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009), and that motion was granted on July 5, 1985.

Pursuant to section 13—217 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 13—217), plaintiff refiled her action in the circuit court of

Cook County on August 13, 1985. Defendants West and Michaels were served on October 18, 1985. Their motion for a change of venue was granted on December 24, 1985, and the case was transferred to the circuit court of Du Page County. On December 11, 1986, defendants West and Michaels filed a motion to dismiss pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) alleging plaintiff's failure to exercise diligence in obtaining service after the filing of the original complaint. The motion was granted on June 4, 1987, and the instant appeal ensued.

Plaintiff first argues that the holding of *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, allowing a trial court to consider the plaintiff's diligence in obtaining service of the original complaint when considering a Rule 103(b) motion in a refiled action, should be given prospective application only. We disagree.

■■ Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) states that if a plaintiff fails to exercise reasonable diligence to obtain service upon a defendant after the expiration of the statue of limitations, the action shall be dismissed with prejudice as to that defendant. In *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, our supreme court considered the interplay among Rule 103(b); section 2—1009 of the Code, which provides plaintiffs with the right to voluntarily dismiss a lawsuit without prejudice at any time before trial or hearing; and section 13—217 of the Code, which gives plaintiffs the right to refile voluntarily dismissed actions within one year of dismissal. In *O'Connell*, the plaintiff did not obtain service until more than eight months after the expiration of the applicable limitations period. (112 Ill. 2d at 277.) The defendants then filed a motion to dismiss pursuant to Rule 103(b). (112 Ill. 2d at 277.) Before any hearing was held on that motion, the plaintiff was granted a voluntary dismissal under section 2—1009 of the Code. (112 Ill. 2d at 278.) The plaintiff refiled the action eight months later pursuant to section 13—217 of the Code and promptly obtained service upon the defendants. (112 Ill. 2d at 278.) The defendants again moved to dismiss pursuant to Rule 103(b) citing the plaintiff's lack of diligence in obtaining service on the original complaint, and the court denied that motion without a hearing. (112 Ill. 2d at 278.) Our supreme court reversed and remanded the case for a hearing on the Rule 103(b) motion, stating that the trial court could consider the circumstances regarding the plaintiff's diligence in obtaining service of process on the original complaint. (112 Ill. 2d at 283.) The court held that where a plaintiff seeks voluntary dismissal while a Rule 103(b) motion is pending, the trial court must first decide the Rule 103(b) motion. (112 Ill. 2d at 283.) The court further held

that insofar as sections 2—1009 and 13—217 prohibit the trial court from first ruling on a Rule 103(b) motion, those provisions are unconstitutional infringements upon the powers of the judiciary. (112 Ill. 2d at 283.) In *Muskat v. Sternberg* (1986), 151 Ill. App. 3d 304, 309, the Appellate Court for the First District interpreted *O'Connell* to allow a trial court to consider a plaintiff's lack of diligence in obtaining service on the original complaint even though the Rule 103(b) motion was raised for the first time in the refiled case.

■■ In the instant case, defendants did not have a Rule 103(b) motion pending at the time the original complaint was voluntarily dismissed. Thus, the only relevant aspect of *O'Connell* is that court's conclusion that, when a complaint is voluntarily dismissed and refiled and the defendant files a Rule 103(b) motion, the trial court may consider plaintiff's diligence in obtaining service on the original complaint. (112 Ill. 2d at 283.) In light of our supreme court's decision in *Catlett v. Novak* (1987), 116 Ill. 2d 63, we conclude that this aspect of the *O'Connell* holding must be applied retroactively.

In *Catlett*, the plaintiff filed a negligence action the day before the expiration of the statute of limitations. (116 Ill. 2d at 65.) The plaintiff's motion to voluntarily dismiss the complaint was granted on April 6, 1983, some 15 months later. (116 Ill. 2d at 66.) The defendant, Illinois Central Gulf Railroad (ICG), was never served with process in the original action. (116 Ill. 2d at 65.) The plaintiff refiled his complaint pursuant to section 13—217 on January 10, 1984, and ICG was served three days later. (116 Ill. 2d at 66.) On June 14, 1984, ICG filed a motion to dismiss pursuant to Rule 103(b) and asserted that section 13—217 of the Code was unconstitutional as it applied to ICG because it violated ICG's due process right to rely upon the statute of limitations. (116 Ill. 2d at 66.) The trial court granted the motion on the basis that section 13—217 of the Code was unconstitutional as applied to ICG. (116 Ill. 2d at 66.) Our supreme court vacated the trial court's ruling that section 13—217 was unconstitutional as applied to ICG and remanded the cause to the trial court for a hearing under Rule 103(b) on the issue of the plaintiff's diligence in obtaining service of process. (116 Ill. 2d at 71.) Citing *O'Connell*, the *Catlett* court stated that, at the hearing on remand, the trial court could consider the circumstances regarding service of process on both the original and refiled complaints. (116 Ill. 2d at 71.) Because all relevant events in *Catlett* took place prior to the *O'Connell* holding, it seems clear that *Catlett* applied the *O'Connell* holding retroactively. We are mindful that the Appellate Court for the Third District has taken a contrary position with regard to the retroactive application of *O'Connell*.

(See *Martinez v. Erickson* (1987), 155 Ill. App. 3d 1093, 1100.) Nonetheless, we have previously noted that *O'Connell* did not change existing law (see *Kendle v. Village of Downers Grove* (1987), 156 Ill. App. 3d 545, 552; see also *Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47, 51) and further believe that the supreme court's retroactive application of *O'Connell* in *Catlett* confirms that view. Therefore, we conclude that the trial court did not err in the case at bar by considering the issue of plaintiff's diligence in obtaining service on the original complaint.

■ Plaintiff next contends that defendants waived their right to rely upon Rule 103(b). Plaintiff cites defendants' delay in filing their motion and their participation in the lawsuit as reasons for waiver. Defendants' participation included an agreed stipulation to extend the time for filing an answer in the original action and their motions for a change of venue in both the original and refiled actions. We do not believe defendants' actions constitute a waiver of their Rule 103(b) objection. Such a waiver only occurs if a defendant files an appearance, delays in raising a Rule 103(b) objection, and participates in discovery for the purpose of raising a defense on the merits. (*Daily v. Hartley* (1979), 77 Ill. App. 3d 697, 703-04.) The record reveals that no discovery was ever undertaken in the instant case. Therefore, defendants did not waive their right to rely upon Rule 103(b).

Finally, plaintiff contends that the trial court erred in determining that she did not exercise reasonable diligence in obtaining service on the original complaint. We disagree.

■ The trial court's ruling on a Rule 103(b) motion will not be disturbed on review absent an abuse of discretion. (*Miller v. Alexander* (1986), 150 Ill. App. 3d 594, 595.) The standard for determining whether reasonable diligence has been exercised is an objective one, and it is plaintiff's burden to show that she has exercised reasonable diligence in attempting to effectuate service. (*North Cicero Dodge, Inc. v. Victoria Feed Co.* (1987), 151 Ill. App. 3d 860, 863.) The factors to be considered in determining whether a plaintiff has exercised reasonable diligence include (1) the length of time used to obtain service; (2) plaintiff's activities in attempting to effectuate service; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's location could have been ascertained; (5) whether defendant had actual knowledge of the pendency of the action; and (6) any special circumstances affecting plaintiff's efforts. 151 Ill. App. 3d at 863.

■ Plaintiff's original complaint was filed on June 7, 1984, the last day of the applicable limitations period. Neither defendant was

served until March 25, 1985, a period of over nine months, despite the fact that they both maintained offices in Elmhurst and their business addresses were listed in the local telephone directory at the time the original complaint was filed. There is no indication in the record that either defendant had knowledge of the pendency of the action prior to March 25, 1985, or that there were any special circumstances adversely affecting plaintiff's efforts to obtain service. On December 7, 1984, six months after the original complaint was filed, the trial court appointed a special process server on plaintiff's motion. However, there is no indication in the record that plaintiff did anything between June 7, 1984, and December 6, 1984, to accomplish service upon defendants. In light of the fact that the business address of both defendants was readily ascertainable, we must conclude that plaintiff failed to exercise reasonable diligence in obtaining service of the original complaint upon defendants. Since plaintiff's failure to exercise such diligence occurred after the expiration of the limitations period, the trial court properly dismissed plaintiff's complaint with prejudice.

Accordingly, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

LINDBERG, P.J., and NASH, J., concur.