THOMAS L. CLEMONS, Plaintiff-Appellant, v. DONNELL L. ATLAS, Defendant-Appellee.

First District (2nd Division)   No. 1—88—3324

Opinion filed June 27, 1989.

Fred I. Benjamin and Michael M. Mordini, both of Benjamin & Shapiro, Ltd., of Chicago, for appellant.

Audrey Anastasia Wirtz, of Clifford P. Mallon, of Chicago, for appellee.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff filed suit against the defendant on October 30, 1986. Summons issued on the same day. Defendant was not served. Thereafter, two alias summons were issued. Defendant was served on January 6, 1988, approximately 14 months after the commencement of plaintiff's action. The trial court granted defendant's motion to dismiss the complaint with prejudice pursuant to Supreme Court Rule 103(b) (87 Ill. 2d R. 103(b)). Plaintiff appeals.

The issue presented is whether, under the facts of this case, the trial court abused its discretion by dismissing plaintiff's action.

Supreme Court Rule 103(b) provides:

> "(b) Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 87 Ill. 2d R. 103(b).

A motion pursuant to Rule 103(b) is addressed to the sound discretion of the trial court, and a reviewing court will interfere only where there is an abuse of discretion. Each case must be determined on its own facts, but the court will look at several factors to determine whether the plaintiff carried his burden of showing that he has exercised due diligence: (1) length of time used to obtain service; (2)

activities of the plaintiff; (3) any knowledge on the part of plaintiff of the location of defendant; (4) ease with which the whereabouts of defendant could have been ascertained; (5) defendant's actual knowledge of the pendency of the action; and (6) the special circumstances which would affect plaintiff's efforts. *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 937, 388 N.E.2d 1261.

Plaintiff's complaint was filed and summons issued on October 30, 1986. The sheriff made three attempts to serve the defendant as 4435 South Lawler, Chicago, Illinois. The first attempt was on November 14, 1986, at 10:22 a.m.; then on November 18, 1986, at 1:05 p.m.; and finally on November 24, 1986, at 7:27 p.m. The sheriff then filed the summons on December 8, 1986, noted the three attempts, and officially returned the summons "not served."

Plaintiff's action against the defendant was for personal injuries sustained as a result of defendant's negligence in the operation of a motor vehicle on December 24, 1984. If the sheriff had completed service of the original summons, the defendant would have been served prior to the expiration of the two-year statute of limitations.

The Chicago police department made an official report of the accident which is the basis for plaintiff's action. The police report discloses defendant's address as 4435 South Lawler, Chicago, Illinois. On January 6, 1985, plaintiff's attorneys mailed a notice of attorney's lien to defendant at this address. The letter was not returned to the sender by the post office. When plaintiff placed the original summons for service, he directed the sheriff to serve the defendant at this same address. The sheriff's return shows an attempt to serve the defendant in the morning, afternoon and evening. Neither the defendant, nor any "person of the family, of the age of 13 years or upwards" was found. Ill. Rev. Stat. 1985, ch. 110, par. 2—203(a).

Subsequent events verified the fact that the defendant, and at least one "person of the family," was present at this address. Therefore, the failure to serve the defendant with the original summons cannot be blamed on the plaintiff. This should have been a routine service. Possible explanations for failure of service may be that, unfortunately for the plaintiff, the defendant and no member of his household was at home on the three occasions that the sheriff called; that perhaps the sheriff's return was inaccurate; or that the defendant was adept at avoiding the sheriff.

Immediately placing an alias summons for service at the same address may have given the appearance of diligence, but would have been ineffective if the defendant had actually moved. However, plaintiff chose to seek ways to determine the exact whereabouts of the

defendant. Therefore, on May 18, 1987, his attorneys wrote to the Postmaster and Secretary of State for verification of the defendant's address. Although this action could have taken place sooner, it cannot be characterized as unreasonably long. On or about June 18, 1987, plaintiff received verification from the Postmaster and Secretary of State that the defendant did indeed reside at 4435 South Lawler, Chicago, Illinois. Therefore, the plaintiff gave the correct direction to the sheriff at the time of the original filing.

■ After this verification, plaintiff placed an alias summons on June 30, 1987, for service at the same address. Unfortunately for the plaintiff, this writ was lost or misplaced by the sheriff, who made a return stating that the defendant was "not served due to clerical error" of the sheriff and that there would be "no charge" to the plaintiff.

With the great volume of work in the sheriff's office, it is understandable that an occasional service goes awry. This official error cannot be charged to the plaintiff since this was a matter beyond his control. The sheriff acknowledged the error and waived the usual service fee.

Finally, the plaintiff placed a second alias summons for service at the original address on December 18, 1987. This service was completed on January 6, 1988, at 7:50 p.m. by serving a "person of the family, of the age of 13 years or upwards." The return shows that summons was served on Shela Atlas, wife of defendant, age 35.

■ From the time of filing the complaint and summons on October 30, 1986, until service was obtained with a second alias summons on January 6, 1988 (approximately 14 months later), the plaintiff was diligent. Under normal circumstances, the original summons should have been served. When this failed, through no fault of plaintiff, the address was verified. The sheriff's error with the first alias summons was beyond the control of the plaintiff. Finally, the defendant was served with the second alias summons at the address where he should have been served in the first place. During this 14-month period, the plaintiff placed three summons and pursued this matter to a successful conclusion.

Defendant does not cite any authority with facts similar to the case at bar where a determination was made that there was a sufficient lack of diligence to justify a dismissal of plaintiff's action with prejudice.

We therefore conclude that a determination of lack of diligence and the dismissal of plaintiff's cause of action, under the facts of this case, is an abuse of discretion.

Accordingly, the judgment of the circuit court of Cook County is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

HARTMAN and DiVITO, JJ., concur.