JAMES RIOPELLE, Plaintiff-Appellant, v. NORTHWEST COMMUNITY HOSPITAL *et al.*, Defendants-Appellees.

First District (6th Division) No. 1—88—3179

Opinion filed March 23, 1990.

Michael W. Rathsack, of Chicago (Louis S. Goldstein and Cindy G. Flux-gold, of counsel), for appellant.

Phelan, Pope & John, Ltd., of Chicago (Robert J. Bates, Jr., and Sandra D. Oliszewicz, of counsel), for appellees.

JUSTICE EGAN delivered the opinion of the court:

This is an appeal from an order dismissing a complaint for failure to exercise reasonable diligence to obtain service of process on the defendants.

The plaintiff, James Riopelle, filed a complaint on December 1, 1983, alleging that he had been injured on December 3, 1981, after taking a drug manufactured by the defendant, Abbott Laboratories Drug Company (Abbott), which he had purchased from the defendant, Osco Drug Company (Osco). He also named as defendants Northwest Community Hospital (the Hospital), Dr. I. James Young (Young), and Northwest Neurological Associates, Ltd. (Associates), alleging injury due to their negligence in March 1981 but that he did not learn of their negligence until February 1982.

Rather than recite what would be a long and involved litany of the procedural steps taken in this case, we will attempt to summarize the pertinent procedural facts.

On December 1, 1983, two days before the statutory limitation period would have expired against Osco and Abbott, the plaintiff filed a complaint, but no attempt at service of process was made on any of the five defendants. On February 4, 1985, the judge dismissed the complaint on the plaintiff's motion for voluntary dismissal. On April 16, 1985, the plaintiff refiled his complaint. On May 24, 1985, a special process server served Abbott. On June 24 Abbott filed an answer to the refiled complaint.

On July 29, 1985, the special process server served Osco, the Hospital, Associates and Young. Osco, by the same attorney representing Abbott, filed an appearance and answer on September 13, 1985.

Between September 20, 1985, and November 1, 1985, the Hospital, Associates and Young filed motions to dismiss based on alleged failure to exercise reasonable diligence to obtain process. Notice of

their motions to dismiss was not served on Abbott and Osco. On January 14, 1986, the plaintiff filed responses to the motions to dismiss of the Hospital, Associates and Young. He sent a notice of filing of those responses to the attorneys for Abbott and Osco. As of May 21, 1986, the Hospital, Associates and Young had filed their replies to the plaintiff's response.

On May 29, 1986, Osco and Abbott filed their motion to dismiss under Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)). The motion asserted, in part, that:

> "5. Abbott has maintained its corporate offices in North Chicago, Illinois since 1981, and its address is listed in, among other publications, Sullivan's Law Directory. Osco, a subsidiary of Jewel Companies, Inc., has maintained its corporate offices in Chicago since 1981, and its address is listed in, among other publications, Sullivan's Law Directory.
>
> 6. Abbott and Osco have been available for service of summons at all times since March 25, 1981."

The plaintiff did not file a response to the motion of Osco and Abbott.

On June 27, 1986, the judge granted all the defendants' motions pursuant to Rule 103(b) and dismissed the case with prejudice. On September 22, 1988, the judge denied the plaintiff's motion to reconsider. The plaintiff has appealed only from the order dismissing the complaint against Abbott and Osco.

The plaintiff assigns two grounds for reversal. He contends first that the judge failed to consider the fact the plaintiff "expeditiously obtained service upon refiling" the complaint. His second contention, which he describes as his principal argument, is that the defendants waived the right to a dismissal of the complaint under Rule 103(b) by answering the complaint and participating in discovery.

We will consider the plaintiff's second argument first. After the complaint had been dismissed on June 27, 1986, as to all defendants, the plaintiff filed a motion to reconsider on July 25. The motion itself asked that the judge reconsider the dismissal of the complaint that she had ordered pursuant to the motion of the Hospital and Young. The grounds advanced in the motion were that the refiled complaint was not time barred and that the plaintiff had exercised "due diligence" in obtaining service on the Hospital and Young. The motion recited that a memorandum of law was attached which was identified as exhibit B. However, there was no memorandum of law attached to the motion. The motion made no reference to Osco, Abbott or Associates.

On March 9, 1987, the plaintiff filed a pretrial memorandum despite the fact that the complaint was still dismissed. The plaintiff did nothing further in the case until September 23, 1987, when he sent to the attorneys for Osco and Abbott (but not the attorneys for the other defendants) a memorandum of law in support of his motion to reconsider. This was 15 months after the motion to reconsider had been filed. In that memorandum the plaintiff maintained that Osco and Abbott had waived the right to have the complaint dismissed because Osco and Abbott had "each filed an answer and affirmative defense, had participated in pre-trial discovery, had delayed bringing any objection to Plaintiff's diligence and service and had never moved to have their answer withdrawn." Osco and Abbott filed a motion to strike the plaintiff's motion to reconsider. They argued that the motion to reconsider was directed only against the Hospital and Young and that, since more than 30 days had elapsed, the court had lost jurisdiction over Osco and Abbott. The judge did not pass on the defendants' motion to strike.

The posture of the case before the trial court at the time of the hearing was this: the written motion to reconsider made no reference to Osco or Abbott or waiver by anyone; conversely, the memorandum filed over one year later made no mention of the Hospital or Young, but for the first time raised the question of waiver on the part of Osco and Abbott. The plaintiff had not pleaded waiver in the response he filed to the motions to dismiss which had been filed by the Hospital, Associates and Young. He did not file any response to the motion of Osco and Abbott. During the hearing on the motion to reconsider, the judge asked the plaintiff's attorney why the waiver argument had not been raised at the hearing on the motion to dismiss. The plaintiff's attorney answered, "Your Honor, I can't answer that."

We believe that the plaintiff failed to properly present the issue of waiver on the part of Osco and Abbott to the trial judge and, therefore, it may not be considered by this court. Put another way, the plaintiff has waived the right to claim that the defendants waived their right to dismissal of the complaint.

■ The general rule is that matters not raised in the trial court may not be raised for the first time in a court of review. The question before us, therefore, is whether the plaintiff's claim of waiver on the part of the defendants was properly before the trial court. It is certain that the written motion to reconsider did not argue waiver on the part of Osco and Abbott. In fact, it made no mention of Osco or Abbott at all. That being so, the question becomes: How did the plaintiff raise the issue of waiver? The answer is that it did so in a memoran-

dum filed 15 months after the motion to reconsider had been filed. Raising an argument in a legal memorandum and not in a motion is legally insufficient to present a point for the purpose of review. See *Fedt v. Oak Lawn Lodge, Inc.* (1985), 132 Ill. App. 3d 1061, 478 N.E.2d 469; *Michigan Avenue National Bank v. State Farm Insurance Cos.* (1980), 83 Ill. App. 3d 507, 404 N.E.2d 426.

■ In oral argument in this court the plaintiff maintained correctly that in a non-jury action the scope of review is not limited by the insufficiency or absence of a post-trial motion. (107 Ill. 2d R. 366(b)(3)(ii).) But that rule may be invoked only if the point urged on review was raised at the trial or, in this case, at the hearing on the motion to dismiss. (See *Bridges v. Neighbors* (1975), 32 Ill. App. 3d 704, 336 N.E.2d 233.) We repeat that the plaintiff did not raise the question of waiver on the part of any defendant at the hearing on the motion to dismiss.

Our holding that the plaintiff had not properly preserved the argument of waiver in a memorandum should not be construed as a holding that the question of waiver would have been properly preserved if it had been asserted in the motion to reconsider. In *Mendelson v. Lillard* (1980), 83 Ill. App. 3d 1088, 404 N.E.2d 964, this court held that a defense raised in a petition to vacate a void judgment would not be considered since it was not raised in the petitioner's answer.

■ The defendants' brief in this court specifically stated that the "plaintiff never properly raised defendants' alleged waiver before the trial court." The defendants also cited *Kruk v. Birk* (1988), 168 Ill. App. 3d 949, 523 N.E.2d 93, in which the plaintiff argued that the defendants had waived their right to dismissal under Rule 103(b) by answering the complaint and participating in discovery. This court rejected that argument, holding that the record revealed that the argument was not made in the trial court and that, therefore, it was not properly before this court. In our case, the plaintiff answered the defendants' argument in his reply brief without citation and with the bald assertion that he had preserved the question for review. We conclude that he did not.

Turning now to the first error alleged by the plaintiff, we must first identify the narrow issue before us as presented in the plaintiff's briefs. The defendants have cited a number of cases which collectively stand for the propositions that in passing on a motion to dismiss under Rule 103(b) the court is to consider the totality of the circumstances and to consider diligence or lack of diligence in service of process after refiling as well as diligence or lack of diligence before

dismissal of the original complaint. (*Muskat v. Sternberg* (1988), 122 Ill. 2d 41, 521 N.E.2d 932; *Catlett v. Novak* (1987), 116 Ill. 2d 63, 506 N.E.2d 586; *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322.) We need not discuss those cases at length because the plaintiff's argument here is not that the judge's final decision constituted an abuse of discretion. It is his position, rather, that the judge abused her discretion by failing to consider an appropriate factor, that is, the diligence the plaintiff exercised after the complaint had been refiled. He asks that we remand the case for a new hearing.

■■ ■ We must reject the plaintiff's argument. On appeal, a judgment is presumed to be correct and the burden is upon the party assigning error to establish such error. (*Sianis v. Kettler* (1988), 168 Ill. App. 3d 1071, 523 N.E.2d 157.) Any doubt arising from the incompleteness of the record will be resolved against the appellant. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958.) No transcript of the hearing on the motion to dismiss has been provided, but the record contains the plaintiff's responses to the motions to dismiss. One of the responses cited *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796, and another referred to *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322. In *Aranda* the supreme court reversed a dismissal of a complaint, holding that the service on the defendant 12 days after refiling constituted a reasonable time within which to obtain service after refiling the complaint. In *O'Connell*, the supreme court remanded a case to the trial court to consider a Rule 103(b) motion on the merits; the court held that the trial court should consider the "circumstances surrounding plaintiff's service of process on his original as well as his refiled complaint." (112 Ill. 2d at 283.) It is clear to us, therefore, that the question of the timeliness of service of process after the refiling of the complaint was before the judge at the time she entered the dismissal order.

In the written motion to reconsider, the plaintiff argued that the *O'Connell* case did not apply. The motion also contended that the plaintiff's attempts at service *after* refiling showed due diligence. During oral argument on the motion to reconsider the judge said this:

> "There was an argument here, number one, that the *O'Connell* case did not apply. That is mentioned in the motion to reconsider. And the *O'Connell* case does apply because they both deal with a refiled case. There was a refiled case here, there was not diligence. Period."

In the absence of anything in the record to the contrary, we must presume that the judge considered all the appropriate factors in the

exercise of her discretion, including the time within which the plaintiff served the defendants after the complaint was refiled.

The case cited by the plaintiff, *Martinez v. Erickson* (1989), 127 Ill. 2d 112, 535 N.E.2d 853, is of no help to the plaintiff. In *Martinez* the trial judge granted the defendant's Rule 103(b) motion to dismiss and made certain findings which included the observation that "[o]bviously, there has not been any unreasonable delay by plaintiff in effecting service of summons, *after filing [the second suit]*." (Emphasis in original.) (127 Ill. 2d at 121.) Because of that remark the supreme court expressed concern that the trial judge might not have accorded adequate weight to the plaintiff's conduct in effecting service after refiling and remanded the case for further consideration by the trial judge. In our case there is no such affirmative showing that the judge ignored any pertinent factor in the exercise of her discretion.

■ It is our judgment that the record fails to establish that the trial judge ignored the evidence that the plaintiff had served Abbott 5½ weeks after refiling and Osco four months after refiling. We could properly conclude that the judge ignored the time span between refiling and service only if we could conclude also that the time spans of 5½ weeks and four months established diligence as a matter of law. We point out that the supreme court did not say in *Martinez* that service of process 12 days after refiling disclosed diligence as a matter of law. Similarly, the supreme court did not say in *Catlett v. Novak* or *Muskat v. Sternberg*, cited by the defendants, that service of process after refiling within shorter periods of time than those in this case established diligence as a matter of law.

For these reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

LaPORTA, P.J., and McNAMARA, J., concur.