MARVIN JONES et al., Plaintiffs-Appellants, v. PAUL SHALLOW, Defendant-Appellee (James Williams et al., Defendants).

First District (4th Division) No. 1—89—1941

Opinion filed July 12, 1990.

595

JIGANTI, J., dissenting.

Adrian E. Mazar, of Chase & Werner, of Chicago, for appellants.

Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago (James R. Picker, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:
Plaintiffs, Marvin Jones, Lisa Logan, and Johnnie Lee Ross, bring this appeal from the circuit court's order dismissing their cause of action against Paul Shallow, defendant, for failure to exercise due diligence in obtaining service of process on defendant Shallow. Plaintiffs claim that the trial court abused its discretion in dismissing the action.

We affirm.

The underlying action arose when plaintiffs allegedly sustained personal injuries in an automobile accident that occurred on July 14, 1985. On May 22, 1987, the complaint was filed and summons was issued to be served on defendant Shallow at the address given by Shal-

low to plaintiffs at the accident scene. Summonses were also directed to be served on Shallow's two codefendants, but they are not involved in this appeal. The summons directed to Shallow was returned "not served" for lack of contact on June 12, 1987. Approximately three months later, an alias summons was issued directed to defendant at another address. This summons was also returned bearing the notation "N.S." Plaintiffs then began an investigation in hopes of finding defendant's correct address. One telephone number was traced, but it failed to reveal defendant's address. Finally, just over six months after the alias summons was returned unserved, plaintiffs sent a letter to the Secretary of State requesting defendant's current address. Within two weeks, the Secretary of State's office supplied plaintiffs with a report giving defendant's correct address. The report also indicated that a driver's license had been issued to defendant at that address prior to the date plaintiffs filed this action. A second alias summons was served on defendant on June 28, 1988, 13 months after the complaint was filed. One month later, defendant filed a motion to dismiss based on plaintiffs' lack of due diligence in service of process following expiration of the statute of limitations. Plaintiffs' attorney filed an affidavit in opposition to defendant's motion in which he indicated that he had possessed two addresses for defendant: one address was given plaintiffs by defendant at the scene and one was contained in the police report. The court granted defendant's motion and dismissed plaintiffs' cause of action as to defendant Shallow. The plaintiffs appeal pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)).

■ Supreme Court Rule 103(b) provides, *inter alia*, that an action be dismissed with prejudice where a plaintiff's failure to exercise due diligence to obtain service occurs after the expiration of the applicable statute of limitations. (107 Ill. 2d R. 103(b).) The purpose of the rule is to "protect defendants from unnecessary delays in the service of process" upon them. *Greenwood v. Blondell* (1980), 85 Ill. App. 3d 186, 188.

■ A motion to dismiss pursuant to Rule 103(b) is addressed to the sound discretion of the trial court and will not be disturbed on review absent an abuse of discretion. (*North Cicero Dodge, Inc. v. Victoria Feed Co.* (1987), 151 Ill. App. 3d 8609.) The standard for determining diligence is one of reasonableness, and the plaintiff bears the burden of demonstrating that he has exercised such diligence. (*Hanna v. Kelly* (1980), 91 Ill. App. 3d 896.) In determining whether a plaintiff has exercised due diligence, the factors the court considered include (1) the length of time used to obtain service; (2) the plaintiff's activities in attempting to effectuate service; (3) the plaintiff's knowl-

edge of the defendant's location; (4) the ease with which defendant's location could have been ascertained; (5) the defendant's actual knowledge of the pending action; and (6) special circumstances which would affect the plaintiff's efforts. *Semersky v. West* (1988), 166 Ill. App. 3d 637, 642.

■ Here, plaintiffs filed their complaint and issued the original summons just weeks before the expiration of the statute of limitations. Following the return of the second unanswered summons, plaintiffs spent six months tracing one telephone number and making some telephone calls. The plaintiffs could have easily discovered defendant's address through the Secretary of State's office during that time rather than using that avenue only as a last resort. We find that the trial court did not abuse its discretion in dismissing plaintiffs' action against defendant. See *Womick v. Jackson County Nursing Home* (1990), 137 Ill. 2d 371, 380 (no abuse of discretion in dismissing action after expiration of statute of limitation); *cf. Segal v. Sacco* (1990), 136 Ill. 2d 282, 288 (abuse of discretion in dismissing action where plaintiff's 19-week delay was inadvertent).

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, J., concurs.

JUSTICE JIGANTI, dissenting:
I respectfully dissent. We are called upon to determine whether or not the plaintiff exercised "due diligence" in obtaining service on the defendant Paul Shallow. While I agree with the majority's general statements of the law as they relate to this issue, on balance I would come to the opposite conclusion.
The following is a chronology of events.

| | |
|---|---|
| 7/14/85 | Date of the occurrence. |
| 5/22/87 | Suit filed. |
| 5/22/87 | Summons issued to defendant Shallow at 10216 South Fairfield, Chicago. This was the address that the defendant gave to the plaintiff at the scene of the occurrence. |
| 6/12/87 | The sheriff's return shows "Not Served." |
| 9/17/87 | Alias summons was issued for 10615 South Hale, Chicago. This was the address on the police report. |

| | |
|---|---|
| 11/9/87 | The plaintiff checked the alias summons and found it had not been served and contained the notation "not at this address." The return itself is not in the record and the actual date of the return is not noted. |
| 2/5/88 | Answers to Interrogatories from a codefendant, Willie Griffin, listed Shallow's address on Hale. |
| 5/26/88 | Plaintiff requested the Secretary of State to provide the current information on Paul Shallow. |
| 6/7/88 | The plaintiff received a report from the Secretary of State showing the defendant's address in Woodridge, in Du Page County, Illinois. |
| 6/15/88 | An alias summons was issued at the Woodridge address. |
| 6/28/88 | Defendant was served. |

While the affidavit is not entirely clear, it appears that after the alias summons was returned without service, the plaintiff's law clerk traced the telephone number that had been given to the plaintiff by Shallow at the scene of the occurrence and obtained a corresponding address. An alias summons was prepared for the address in Chicago that corresponded to the telephone number, but telephone contact was made with the person who had that telephone number and it was determined that that person was not at all acquainted with Paul Shallow.

The due diligence rule is designed to ensure that justice is rendered promptly. (*O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322; *Womick v. Jackson County Nursing Home* (1990), 137 Ill. 2d 371.) Also it is designed to protect defendants from unnecessary delay or the circumvention of the statute of limitations. (*Segal v. Sacco* (1990), 136 Ill. 2d at 286.) Dismissal is a harsh penalty which is justified when the defendant is denied a fair opportunity to investigate the circumstances of his alleged liability. *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 289-90, 122 N.E.2d 540; *Segal v. Sacco*, 136 Ill. 2d at 288.

While not a textbook example of due diligence, the plaintiff exercised a sufficient amount of diligence to avoid the harsh result of dismissal of his lawsuit. On the date of the occurrence the plaintiff was given Shallow's home address on Fairfield in Chicago. The police report, however, contains a different address, one on Hale, also in Chicago. The plaintiff, upon the filing of the lawsuit, immediately attempted to serve the defendant on Fairfield and when not successful, a short time later attempted to serve the plaintiff on Hale. While at-

tempting to serve process, the suit was pursued against the codefendants, one of whom answered interrogatories listing Shallow's address, as did the police report, on Hale. With respect to these events, the plaintiff proceeded with reasonable diligence. The plaintiff's conduct after checking the service of the alias summons, however, was not satisfactory. Ignoring the obvious recourse of checking with the Secretary of State, while attempting to check out the telephone number given by the defendant at the time of the occurrence and waiting for answers to interrogatories of codefendants, is not reasonable diligence. However, when the plaintiff's diligent efforts in attempting immediate service at the addresses provided by the defendant and the police report, and in pursuing the case against the other defendants, are weighed against the minimal efforts made after and until the time that the plaintiff obtained the information from a simple inquiry of the Secretary of State, I do not believe that the extreme penalty of dismissal is warranted.