AURELIA CANNON, Plaintiff-Appellant, v. MORTEZA DINI, Defendant-Appellee (St. Anne's Hospital *et al.*, Defendants).

First District (2nd Division)   No. 1—90—2809

Opinion filed February 11, 1992.—Rehearing denied April 8, 1992.

DiVITO, J., dissenting.

King & Davis, of Chicago (Timothy P. King and David J. Corbett, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin, Chad M. Castro, and Diane I. Jennings, of counsel), for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

The circuit court of Cook County determined that plaintiff, Aurelia Cannon, failed to exercise due diligence in obtaining service of process on Morteza Dini (Dini), a defendant herein. Accordingly, the court dismissed plaintiff's amended complaint with prejudice pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)).

Plaintiff filed a three-count complaint on November 7, 1988, four days prior to the expiration of the limitations period, alleging negligence against defendants, St. Anne's Hospital, R. Owen, and Dini. On November 18, 1988, a summons was issued against Dini as well as the other defendants.[1] The summons went unserved as to Dini and was returned on December 28, 1988. The return, which listed Dini's office address at 4909 W. Division Street in Chicago, showed attempted service on the following dates:

December 6, 1988, at 10:30 a.m.
December 8, 1988, at 3:47 p.m.
December 10, 1988, at 12:56 p.m.
December 12, 1988, at 11:15 a.m.

The remark "avoiding service" was handwritten on the return.

Plaintiff's complaint was stricken with leave to amend on March 29, 1989, pursuant to a motion brought by St. Anne's Hospital. On April 3, 1989, plaintiff filed an amended complaint and mailed a copy of it with an accompanying letter to Dini at 4909 W. Division. Dini did not respond.

An alias summons was issued on August 3, 1989, which specifically directed the sheriff to serve Dini at 4909 W. Division on Wednesday or Thursday between 1:30 and 5:30 p.m., or on Saturday between 1 and 3 p.m. The sheriff, however, unsuccessfully attempted service on Monday August 7, 1989, at 11 a.m., and on Tuesday August 8, 1989, at 4:15 p.m. The summons was returned "not served" on Au-

---

[1] Owen and St. Anne's Hospital were served with the summons on December 5, 1988, and December 7, 1988, respectively.

gust 11, 1989, with the additional handwritten notation "no long [*sic*] at this location."

The court appointed a special process server (server) on September 25, 1989, pursuant to plaintiff's motion filed on that date. A second alias summons was issued on September 26, 1989, and the server attempted service at 4909 W. Division on October 21, 1989, and October 23, 1989. He indicated that Dini appeared to have moved out of his office located at the aforementioned address, although his name appeared on the first-floor directory.

A third alias summons issued on December 18, 1989, with instructions to serve Dini at 4550 N. Winchester in Chicago. The server attempted to locate Dini there on December 24, but discovered that his office was across the street at 1945 W. Wilson Avenue. After an unsuccessful attempt on December 26, 1989, Dini was personally served at 5:09 p.m. on December 27, 1989, at 1945 W. Wilson.

Dini filed an appearance on February 27, 1990, and moved to vacate all defaults on April 5, 1990. On April 30, 1990, he moved to dismiss plaintiff's amended complaint pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)), alleging that plaintiff had failed to exercise reasonable diligence in obtaining service upon him. In his attached affidavit, Dini stated that he had practiced medicine in the Chicago area since 1980; he had lived at his home address, which was listed in the Skokie telephone directory, since 1983; his office, which was listed in the Chicago yellow pages under his name, had been located at 1945 W. Wilson since February 1989; during the four years previous to February 1989, his office had been at 4909 W. Division; he had sent several billing statements to plaintiff on which his office addresses had been indicated; he had been listed in the American Medical Association's directory since 1974, and was also registered with the Illinois State Medical Association, the Chicago Medical Association, and the St. Anne's Hospital Professional Building, each of which had his office address and telephone number; and he had not attempted to evade service of process in connection with this matter.

Plaintiff responded that she had demonstrated due diligence in attempting to serve Dini, and attached copies of the returns as support for her position. On August 28, 1990, the circuit court dismissed the complaint as to Dini, finding that plaintiff had failed to diligently serve him. The court also included Rule 304(a) language in its order. (134 Ill. 2d R. 304(a).) Plaintiff appeals the dismissal of her amended complaint.

Initially, plaintiff claims that Dini waived any objections under Rule 103(b) because of his participation in the case. That argument,

however, cannot be raised for the first time on appeal. (*Riopelle v. Northwest Community Hospital* (1990), 195 Ill. App. 3d 750, 753-54, 552 N.E.2d 1220; *Kruk v. Birk* (1988), 168 Ill. App. 3d 949, 958, 523 N.E.2d 93.) The record indicates that plaintiff did not raise the question of waiver in the circuit court and, therefore, failed to properly preserve the matter for review.

■ Even if not waived, plaintiff's argument fails. A defendant's participation in the defense of his case may constitute a waiver of a Rule 103(b) objection. (*Lovell v. Hastings* (1973), 11 Ill. App. 3d 221, 223, 296 N.E.2d 608.) In *Lovell*, defendant was held to have actively participated in the defense of his case on the merits prior to filing a Rule 103(b) motion. There, defendant filed sworn answers to interrogatories propounded by plaintiff and gave a discovery deposition; two days after he was deposed, defendant filed a motion to dismiss for failure to exercise due diligence in obtaining service of process. *Lovell*, 11 Ill. App. 3d at 223.

Here, after filing his appearance on February 27, 1990, Dini moved to vacate all defaults on April 5, 1990; that motion was granted on the same day. On April 30, 1990, he filed his motion to dismiss based upon Rule 103(b). A briefing schedule was set by the court on May 14, 1990. On June 4, 1990, Dini filed answers to interrogatories which had been propounded by plaintiff on April 24, 1990. Dini's limited involvement does not constitute the active participation in the defense of the action on its merits which waives a Rule 103(b) objection. Although Dini answered plaintiff's interrogatories, he did so well after his Rule 103(b) motion had been filed. Further, he did not participate in a deposition, as did defendant in *Lovell*. Dini's minimal participation, therefore, does not mandate application of the *Lovell* waiver rule. See *Daily v. Hartley* (1979), 77 Ill. App. 3d 697, 703-04, 396 N.E.2d 586; *cf. Muskat v. Sternberg* (1991), 211 Ill. App. 3d 1052, 1057-58, 570 N.E.2d 696.

■ Additionally, plaintiff argues that the circuit court abused its discretion in dismissing her amended complaint pursuant to Rule 103(b). The rule states:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice." (134 Ill. 2d R. 103(b).)

Although prevention of intentional delay in the service of summons was a primary reason for the adoption of the rule and its predecessors, Rule 103(b) is not based upon the subjective test of plaintiff's intent, but, rather, upon the objective test of reasonable diligence in effecting service. (*Parker v. Universal Packaging Corp.* (1990), 200 Ill. App. 3d 882, 886, 558 N.E.2d 203.) The rule does not denote a specific time limitation within which defendant must be served; instead, it seeks to promote the expeditious handling of suits by giving the circuit court wide discretion to dismiss when service is not effected with reasonable diligence. (*Segal v. Sacco* (1990), 136 Ill. 2d 282, 285-86, 555 N.E.2d 719.) Further, the rule protects defendants from unnecessary delay in the service of process on them and prevents circumvention of the statute of limitations. (*Segal*, 136 Ill. 2d at 286.) Ordinarily, however, controversies should be resolved on their merits after both sides have had their day in court. (*Montero v. University of Illinois Hospital* (1978), 57 Ill. App. 3d 206, 210, 372 N.E.2d 1010.) Plaintiff has the burden of showing reasonable diligence in service of process. (*Segal*, 136 Ill. 2d at 286.) Different factors which the court may consider in determining whether to allow a Rule 103(b) motion include, but are not limited to: length of time used to obtain service; activities of plaintiff; plaintiff's knowledge of defendant's location; ease with which defendant's whereabouts could have been ascertained; defendant's actual knowledge of the pendency of the action; and special circumstances which would affect plaintiff's efforts. *Clemons v. Atlas* (1989), 185 Ill. App. 3d 894, 895-96, 542 N.E.2d 40.

The case *sub judice* is analogous to *Dupon v. Kaplan* (1987), 163 Ill. App. 3d 451, 516 N.E.2d 727, in which eight unsuccessful attempts were made to serve defendant at his office address within the immediate three months after the complaint was filed. A special process server was appointed seven months later, and he effected service upon defendant within five days of his appointment. Based upon those facts, and despite plaintiff's inactivity during the intervening seven-month period, the appellate court held that the circuit court abused its discretion in granting defendant's Rule 103(b) motion. (*Dupon*, 163 Ill. App. 3d at 455-57.) Similarly, in *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 388 N.E.2d 1261, the appellate court reversed the dismissal of plaintiff's medical malpractice action against a physician pursuant to Rule 103(b). Although 13 months had elapsed between the time of the first amended complaint and the time of service, plaintiff had issued four alias summonses and expended considerable effort in attempting to locate and serve defendant. lt was held that plaintiff had exercised reasonable diligence in effecting service

and the circuit court had abused its discretion in dismissing the action as to the doctor. *Licka*, 70 Ill. App. 3d at 937-38; see also *Schultz v. McElroy* (1973), 9 Ill. App. 3d 940, 943-44, 293 N.E.2d 353.

The cases upon which defendant relies are distinguishable. In *Jones v. Shallow* (1990), 201 Ill. App. 3d 594, 596-97, 559 N.E.2d 128, plaintiff unsuccessfully attempted to serve defendant by means of two summonses at two different addresses. After a period of six months, during which plaintiff only attempted to trace defendant's telephone number, plaintiff located defendant through the Secretary of State's office, and he was served shortly thereafter. In both *Paglis v. Black* (1989), 178 Ill. App. 3d 1062, 1063-64, 534 N.E.2d 206, and *Semersky v. West* (1988), 166 Ill. App. 3d 637, 642-43, 520 N.E.2d 71, several months elapsed after the filing of the complaints, during which the defendants' proper addresses were known, but no attempt was made to serve them at those locations. In *Luebbing v. Copley Memorial Hospital* (1978), 60 Ill. App. 3d 780, 782-83, 377 N.E.2d 345, no summons was issued at all until 10 months after the complaint had been filed.

■ Here, the initial summons was issued and service was attempted on four different dates within one month after the filing of the original complaint. Dini's argument is based upon the assertion that plaintiff did nothing for over seven months after the initial summons was returned unserved. That contention, however, fails to take into account that two separate motions to dismiss plaintiff's complaint were pending at different times during most of that period. A chronology of the procedural history following the return of the initial summons is illustrative.

On December 30, 1988, St. Anne's Hospital moved to dismiss plaintiff's complaint, contending that plaintiff failed to file it within the applicable statute of limitations and attach a physician's affidavit pursuant to section 2—622(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)). Plaintiff moved for an extension of time to file a health care report pursuant to section 2—622 on February 6, 1989. On March 27, 1989, plaintiff responded to the hospital's motion to dismiss. The circuit court struck plaintiff's complaint on March 29, 1989, and in the accompanying order, plaintiff was given 28 days within which to amend her complaint. Further, plaintiff was granted until May 18, 1989, to file the physician's certificate required by section 2—622, and a status hearing was set for that date.

Plaintiff filed her amended complaint on April 3, 1989, five days after it had been stricken. A copy of the amended complaint was mailed to Dini at 4909 W. Division, but he did not respond. On May 9,

1989, St. Anne's Hospital filed its second motion to dismiss on the same grounds presented in its first motion. After being heard on the progress call on May 15, 1989, the cause was placed on the trial call. On May 18, 1989, plaintiff was granted an additional 30 days to file a physician's affidavit, and the cause was continued until June 27, 1989, for a status hearing. On June 27, the hospital's motion to dismiss was entered and continued for status until September 6, 1989.

The first alias summons was issued on August 3, 1989, but it was returned unserved on August 11, with the remark that Dini was no longer at 4909 W. Division.

On September 6, 1989, the motion to dismiss plaintiff's complaint was stricken because St. Anne's Hospital failed to appear. Until that date, the survival of plaintiff's cause of action had been uncertain, regardless of whether or not Dini was or would have been served with summons. The special process server was appointed on September 25, 1989, and he attempted service through a second alias summons at 4909 W. Division. Subsequently, he found another address for Dini, and the third alias summons was issued on December 18, 1989. Dini was personally served nine days later.

From the filing of the original complaint on November 7, 1988, until service was obtained with a third alias summons on December 27, 1989, plaintiff demonstrated sufficient diligence to avoid the harsh sanction of a Rule 103(b) dismissal. During that 13-month period, plaintiff placed four summonses, on one of which four attempts to serve defendant were made, and pursued the matter to a successful conclusion. The seven-month period of alleged "inactivity," during which plaintiff's complaint was stricken and refiled and a second motion to dismiss remained pending for four months, cannot comprise the basis of a finding that plaintiff failed to exercise reasonable diligence in serving Dini. The circuit court erred in so holding. We do not find that the five-day period between the striking and refiling of plaintiff's complaint constitutes justification for plaintiff's delay in serving Dini; however, presented with the lingering question of whether she was properly in court at all, as asserted by the two motions to dismiss, plaintiff was at least reasonably diligent in her several attempts at service upon Dini.

The dissent also urges that "[w]e *** should support trial courts in their efforts to manage heavy dockets." (226 Ill. App. 3d at 91.) This court, however, has expressly indicated that:

> "While the purposes of Rule 103(b) are unquestionably valid, nevertheless, faced with a crowded civil docket as has been the experience in Cook County, Illinois, the trial court should be

careful that Rule 103(b) is not used merely as a device to reduce the backlog of cases, but consideration of the competing factors inherent in ruling on a Rule 103(b) motion should be given to each case in which such a motion arises." *Galvan v. Morales* (1972), 9 Ill. App. 3d 255, 258-59, 292 N.E.2d 36.

Based upon the foregoing, the judgment of the circuit court is reversed, and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

McCORMICK, J., concurs.

JUSTICE DiVITO, dissenting:

I write in respectful dissent because of the effect of the majority's opinion on the two central issues in this case—a plaintiff's burden, in the face of a Rule 103(b) challenge, to show reasonable diligence in effecting service, and the deference we should give to a trial court's exercise of discretion—and because of my belief that the circuit court did not abuse its discretion in dismissing the complaint given that plaintiff has utterly failed to meet her burden.

As the majority recognizes, and as our supreme court held in *Segal v. Sacco* (1990), 136 Ill. 2d 282, 555 N.E.2d 719, an essential purpose of Supreme Court Rule 103(b) is to promote the expeditious handling of lawsuits by giving trial courts wide discretion to dismiss a complaint when service is not effected with reasonable diligence. When the grant of "wide" (albeit sound) discretion is combined with the principle that a plaintiff has the burden of showing reasonable diligence in effecting service to survive a Rule 103(b) motion (*Segal*, 136 Ill. 2d at 286), it is difficult to understand the majority's reversal of the circuit court's judgment.

Here, plaintiff's suit was filed on November 7, 1988, four days before the expiration of the applicable four-year statute of limitations and at least three years after plaintiff was aware of the injury that allegedly was caused by Dini's malpractice. Plaintiff caused summons to issue on November 18, 1988, and the sheriff unsuccessfully attempted service four times in December 1988. The return of summons, dated December 12, 1988, bore the notation "avoiding service."

That notation did not establish that Dini was avoiding service;[2]

---

[2]Indeed, the evidence, summarized by the majority, showed that Dini was not avoiding service, and plaintiff offered no evidence that indicated he was.

rather, its significance was to alert plaintiff to the need to extend greater effort in her attempts at service. Nevertheless, plaintiff made no effort whatsoever to serve Dini again until the issuance of the alias summons on August 3, 1989—nearly eight months later. This summons too was returned unserved, with the notations that Dini was no longer at that location and that he had not been served because he had moved. Plaintiff then waited 1½ months to request a second alias summons, and, inexplicably, did so for the same address. When the process server's affidavit again informed plaintiff that Dini had moved, plaintiff delayed yet another 1½ months before requesting another alias summons. It was only then that Dini was served, across the street from the address supplied on the summons, more than 13 months after both the filing of suit and the expiration of the statute of limitations.

In this case, plaintiff presented no evidence of her efforts to effect service on Dini other than the above history of service attempts. Although the record reflects her inactivity and inattention, it is silent concerning whether she checked local phone directories, the post office, the State registration board, medical associations, hospitals, the Secretary of State, or any other source in an attempt to ascertain Dini's home or business address. In short, plaintiff did not merely fail to meet her burden to show reasonable diligence in effecting service, she presented *no* evidence concerning her efforts. Given this lack of proof, the circuit court's order of dismissal can in no way be deemed an abuse of discretion.

In reversing, the majority emphasizes that "two separate motions to dismiss plaintiff's complaint were pending at different times during most of" the nearly eight-month period when no effort was made to serve Dini. (226 Ill. App. 3d at 87.) The majority refers to "the lingering question of whether [plaintiff] was properly in court at all" and states that, "[u]ntil [September 6, 1989], the survival of plaintiff's cause of action had been uncertain, regardless of whether or not Dini was or would have been served with summons." (226 Ill. App. 3d at 88.) The majority somehow deems plaintiff's efforts to defend her complaint against the hospital's motions to be sufficient justification for her failure to exercise any effort to serve Dini. The majority explicitly states that "[t]he seven-month period of alleged 'inactivity,' during which plaintiff's complaint was stricken and refiled and a second motion to dismiss remained pending for four months, cannot comprise the basis of a finding that plaintiff failed to exercise reasonable diligence in serving Dini." (226 Ill. App. 3d at 88.) I disagree.

The majority's holding applies a new spin to the principles applicable here. The critical inquiries are whether plaintiff has shown reasonable diligence in effecting service and whether, given plaintiff's evidence, dismissal was an abuse of discretion. They are not, as the majority opinion appears to hold, whether a plaintiff must be excused for doing nothing if her counsel is otherwise occupied, and whether not excusing such a plaintiff is an abuse of discretion.

By its holding, the majority, without cited authority, provides new and unwarranted grounds for failure to exercise reasonable diligence in the service of summons. In essence, the majority holds that plaintiff's involvement with one defendant's motions attacking the complaint justifies inaction in serving another defendant. We should not countenance that principle because it assumes full and justifiable absorption in defending the complaint, something contrary to common sense and experience generally, and something not remotely borne out by the record in this case.

The principle of waiver is also applicable here. Nowhere has plaintiff presented the argument that the majority finds so persuasive here. Defense of her complaint or the "lingering question of whether she was properly in court at all" was cited by plaintiff neither in the response she filed in the circuit court to the motion to dismiss, nor in her argument to the circuit court before the motion was granted, nor in either her opening or reply briefs in this court, nor at oral argument. Although she did rely upon the five-day period during which no complaint was on file, that contention appears unsupportable in light of the supreme court's holding in *Catlett v. Novak* (1987), 116 Ill. 2d 63, 506 N.E.2d 586, that a circuit court may consider the circumstances surrounding a plaintiff's service of process on the original as well as a refiled complaint, and by the fact that the majority explicitly states that this is not the basis for its decision.

Moreover, the almost eight months of plaintiff's inactivity are not the only example of her overall lack of reasonable diligence in this case. Other instances include plaintiff's failure to be even more attentive to service after the "avoiding service" notation and the issuance of summons for the same address, 1½ months after being informed by the process server that Dini had relocated.

In my opinion, decisions such as this one send the wrong signals to bench and bar. Our decisions, and the rulings and indulgences of trial judges, do much to shape the local legal culture in which we and all litigants function. We therefore should support trial courts in their efforts to manage heavy dockets and to require attorney vigilance in prosecuting cases. When, however, we say, as the majority does here,

that a plaintiff's lack of diligence was reasonable, we encourage practices that are in grave conflict with good case management and attorney professionalism. In my opinion, such rulings unduly infringe upon the efforts of trial courts as they seek to discharge their duties fairly and expeditiously. See *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 283, 492 N.E.2d 1322.

Given the record in this case, particularly plaintiff's failure to provide any evidence of reasonable diligence, the circuit court's exercise of sound judicial discretion in dismissing the case should be affirmed.