(Nos. 61666, 61667 cons.—

THOMAS O'CONNELL, Appellee, v. ST. FRANCIS HOSPITAL *et al.*, Appellants.

*Opinion filed April 18, 1986. —Rehearing denied June 2, 1986.*

274

SIMON, J., took no part.

Lord, Bissell & Brook (Judy P. Perlman, Hugh C. Griffin and Diane I. Jennings, of counsel), and Wildmann, Harrold, Allen & Dixon (Richard C. Bartelt and Jack C. Silhavy, of counsel), all of Chicago, for appellants Adhok Dholakia and James Elmes.

John D. Cassiday and Dennis A. Ferraro, of Cassiday, Schade & Gloor, of Chicago, for appellant St. Francis Hospital.

Dowd & Dowd, Ltd., of Chicago (Kevin P. Kamraczewski, Philip J. McGuire, Nancy J. Gleason and Marybeth Jacobsen, of counsel), for appellee.

Robert J. Glenn, of Chicago, and James Paul Costello, of Des Plaines (Robert J. Drummond, of Motherway & Glenn, P.C., of Chicago, of counsel), for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Thomas O'Connell, filed a complaint in the circuit court of Cook County alleging medical malpractice against defendants, St. Francis Hospital of Blue Island, Adhok Dholakia, M.D., and James Elmes, M.D. All defendants moved to dismiss the complaint with prejudice pursuant to Supreme Court Rule 103(b) (87 Ill. 2d

R. 103(b)), citing plaintiff's lack of diligence in serving process. Plaintiff then moved for voluntary dismissal of the complaint pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009). The circuit court granted plaintiff's motion.

Plaintiff refiled his complaint as provided under section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217). Defendants again moved, under Rule 103(b), to dismiss the refiled complaint, reasserting plaintiff's lack of due diligence in serving process on the original complaint. The circuit court denied the motions but certified an interlocutory appeal to the appellate court as provided by Supreme Court Rule 308 (87 Ill. 2d R. 308). Upon denial of the discretionary appeals by the appellate court, defendants petitioned this court for leave to appeal. Their petitions were allowed, and we consolidated the appeals for the purpose of disposition. Also allowed to be filed was the brief of the Illinois Trial Lawyers Association as *amicus curiae*.

The trial court certified the following:

> "Whether [p]laintiff's refiled [c]omplaint may be dismissed with prejudice pursuant to Illinois Supreme Court Rule 103(b) and [s]ection 13—212 of the Illinois Code of Civil Procedure where [p]laintiff in a prior suit responded to [d]efendants' 103(b) [m]otions to [d]ismiss by taking a voluntary non-suit and subsequently refiling this suit."

Plaintiff's claimed injury occurred June 29, 1981. His original complaint was filed on June 29, 1983, on the last day for filing under the applicable statute of limitations (Ill. Rev. Stat. 1983, ch. 110, par. 13—212). It was not until some eight months later, on February 24, 1984, that the first summons was issued. All defendants were served with process between March 12 and March 20, 1984. Defendants responded by filing motions to dismiss with prejudice, under Rule 103(b), for failure to exercise due diligence in obtaining service of process. A hearing

on the motions to dismiss was set for June 6, 1984.

Plaintiff's attorney sought a continuance in order to prepare a written response to defendants' motions. A new date of July 23, 1984, was set for hearing on the pending motions. However, plaintiff did not file a response to defendants' motions but, instead, filed a motion for voluntary dismissal under section 2—1009. A hearing on plaintiff's motion was set for July 19, 1984. Defendants then scheduled their Rule 103(b) motions for hearing on the same date. On that date, without hearing argument or ruling on defendants' Rule 103(b) motions, the circuit court granted plaintiff's motion and dismissed the complaint.

Plaintiff's second complaint was filed on August 1, 1984, pursuant to section 13—217, which affords a plaintiff a minimum of one year to refile a complaint after taking a voluntary dismissal. Defendant St. Francis Hospital was served with process on the second complaint on August 10, 1984. In September 1984, all defendants moved to dismiss the second complaint with prejudice. Without holding a hearing on the merits, the circuit court denied defendants' Rule 103(b) motions.

Section 2—1009 provides in pertinent part:

"(a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. ***" (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009.)

Section 13—217 provides in pertinent part:

"In *** actions *** where the time for commencing an action is limited, *** [and] the action is voluntarily dismissed by the plaintiff, *** whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed by the plaintiff ***." (Ill.

Rev. Stat. 1983, ch. 110, par. 13—217.)

Supreme Court Rule 103(b) provides:

> "(b) If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 87 Ill. 2d R. 103(b).

Plaintiff contends that section 2—1009 affords him the absolute right to dismiss his complaint voluntarily and without prejudice and that section 13—217 affords him the absolute right to refile his complaint within a minimum of one year from taking a voluntary dismissal. He concludes that these provisions precluded the trial court from granting defendants' motions to dismiss with prejudice under Rule 103(b). According to plaintiff, extending priority to a Rule 103(b) motion would undermine not only the absolute right to refile subsequent to voluntary dismissal but the procedurally prior absolute right to take a voluntary dismissal any time before hearing or trial or the filing of a counterclaim. He also notes that a dismissal with prejudice pursuant to Rule 103(b) would foreclose both the right to take a voluntary dismissal and the right to refile a complaint.

Plaintiff concedes that Rule 103(b) is applicable to him. However, he argues it is applicable only as to his due diligence or lack thereof in serving process on the refiled complaint. According to plaintiff, the due-diligence requirement of our Rule 103(b) does not apply to assessing delay in service of process on the original, voluntarily dismissed complaint. The requirement applies only to service of process as to the refiled complaint. As to the refiled complaint, he

contends that he exercised due diligence.

Defendants contend that failure to consider and rule on their Rule 103(b) motions to dismiss with prejudice prior to considering and ruling on plaintiff's motion for voluntary dismissal rewards plaintiff's unjustified delay in serving process on the original complaint. They argue that failure to give prior consideration to their Rule 103(b) motions undermines the purposes of the rule: (1) to protect the right of defendants to prompt notice of pending litigation and (2) to promote the prompt, efficient administration of justice. To further the purposes of Rule 103(b), defendants urge that motions pursuant to Rule 103(b) be decided prior to considering motions for voluntary dismissal.

Defendants also address what should be the proper application of the due-diligence standard under Rule 103(b) where the motion is made subsequent to refiling. Defendants urge that where, as here, a complaint is refiled, the due-diligence standard should include both the time elapsed for service of process on the original complaint as well as on the refiled complaint.

An examination of the certified question now before us presents the issue of whether a rule of this court is in conflict with provisions of the Code of Civil Procedure. On the one hand, our Rule 103(b) imposes a requirement of due diligence in effecting service of process. Where service of process is neither diligent nor effected within the applicable statute of limitations, Rule 103(b) permits a defendant to move for dismissal with prejudice. On the other hand, section 2—1009 of the Code allows a plaintiff to voluntarily dismiss his complaint even where service of process is not effected until expiration of the statute of limitations governing his case. Further, section 13—217 allows a plaintiff to refile his complaint within a minimum of one year of his voluntary dismissal regardless of his lack of diligence as to the original complaint.

Discrepancies between procedural rules of this court

and procedural statutory provisions on the same issue are resolved within the framework of the Illinois Constitution. Article II, section 1, of the Constitution provides:

"The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." (Ill. Const. 1970, art. II, sec. 1.)

Article VI, section 1, provides:

"The judicial power is vested in a Supreme Court, an Appellate Court and Circuit Courts." Ill. Const. 1970, art. VI, sec. 1.

The Illinois Constitution clearly empowers this court to promulgate procedural rules to facilitate the judiciary in the discharge of its constitutional duties. (*People v. Callopy* (1934), 358 Ill. 11, 20-21, 22; *cf. People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 65-66.) We have noted, however, that the constitutional authority to promulgate procedural rules, in certain circumstances, can be concurrent between this court and the legislature. (*People v. Cox* (1980), 82 Ill. 2d 268, 274; *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 61; *People v. Jackson* (1977), 69 Ill. 2d 252, 258.) Because procedural rule-making is concurrent on occasion, we have sought to reconcile, where possible, conflicts between rules of this court and legislative enactments. (*People v. Flores* (1984), 104 Ill. 2d 40, 48-50.) While we have favored reconciliation, we have not hesitated to strike down those procedural legislative enactments which unduly infringe upon our constitutional rule-making authority. "[W]here a rule of this court on a matter within the court's authority and a statute on the same subject conflict, *the rule will prevail.*" (Emphasis added.) (*People v. Cox* (1980), 82 Ill. 2d 268, 274; see also *People v. Jackson* (1977), 69 Ill. 2d 252, 260; *cf. People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 66.) Applying these principles to the instant case, we find that sections 2—1009 and 13—217, as invoked by plaintiff, unduly infringe upon this court's constitutional authority to regulate the judicial system of Illinois. *People v. Cox* (1980),

82 Ill. 2d 268, 274; *People v. Jackson* (1977), 69 Ill. 2d 252, 260.

Nothing is more critical to the judicial function than the administration of justice without delay. (*People v. Lobb* (1959), 17 Ill. 2d 287, 299-301; *Lindauer v. Allen* (1969), 85 Nev. 430, 434, 456 P.2d 851, 854.) Central to discharging this function, the judiciary must be unimpeded in considering and rendering judgments on matters before it. (*Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 150; *State v. Clemente* (1974), 166 Conn. 501, 509, 353 A.2d 723, 728.) Rule 103(b) was adopted by this court to effectuate its historical and constitutional mandate to render justice fairly and promptly.

Due diligence in serving process is essential to this purpose, for it is the sole legally sufficient means of alerting defendants to the pendency of a civil suit. In addition, service with due diligence, by promptly placing defendant on notice of a pending action, shortens the time needed to investigate, prepare and litigate the issues raised, thereby allowing the court to proceed expeditiously to a just resolution of the matter before it. Where a plaintiff (1) fails to exercise due diligence, particularly where his failure continues long after the expiration of the statute of limitations; (2) takes a voluntary dismissal pursuant to section 2—1009 when his diligence is challenged by a Rule 103(b) motion; and (3) refiles his action under section 13—217, even though promptly effecting service on his refiled complaint, justice is truly and unnecessarily delayed.

Here, plaintiff filed his first complaint on the last day available under the applicable statute of limitations. He waited eight months before attempting service of process even though nothing in the record suggests that defendants could not be located. Indeed, defendant St. Francis Hospital does business through an extensive physical plant which cannot be difficult to find. Further, defendants' first motion to dismiss under Rule 103(b) alleged that plaintiff's

wife was an employee of St. Francis Hospital at the time of the alleged occurrence. Plaintiff sought a continuance from defendants, ostensibly to prepare a response to the pending Rule 103(b) motions. But, without warning, he sought and was granted a voluntary dismissal. Plaintiff proceeded to refile his complaint and only then effected prompt service.

Under such circumstances, sections 2—1009 and 13—217 constitute an undue infringement upon the judiciary as it seeks to discharge its duties fairly and expeditiously. Further, insofar as section 2—1009 directs the circuit court to dismiss a case, it unduly infringes upon the fundamental, exclusive authority of the judiciary to render judgments. *Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 150.

We hold, in answer to the certified question, that where a plaintiff relies on sections 2—1009 and 13—217 in response to a pending Rule 103(b) motion, the Rule 103(b) motion must be heard on its merits prior to a ruling on plaintiff's motion to dismiss under section 2—1009. We further hold that, in ruling on the pending Rule 103(b) motions, the trial court may consider the circumstances surrounding plaintiff's service of process on his original as well as his refiled complaint.

For the reasons stated, we reverse the order of the circuit court denying defendants' motions under Rule 103(b) without a hearing and remand the cause to the circuit court of Cook County for further proceedings consistent with the views expressed herein.

*Order reversed;*
*cause remanded.*

JUSTICE SIMON took no part in the consideration or decision of this case.