JOHN PAUL WOMICK, as Adm'r to collect of the Estate of John William Hatley, Plaintiff-Appellant, v. JACKSON COUNTY NURSING HOME, Defendant-Appellee (R.M. Rodriguez, Respondent in Discovery).—DAVID LEE HATLEY, as Adm'r of the Estate of John William Hatley, Decedent, *et al.*, Plaintiffs-Appellants, v. JACKSON COUNTY NURSING HOME, Defendant-Appellee.

Fifth District    Nos. 5—88—0511, 5—88—0512 cons.

Opinion filed September 5, 1989.

R. Courtney Hughes, of John Paul Womick & Associates, Chartered, of Carbondale, for appellants.

Charles E. Schmidt and Rebecca J. O'Neill, both of Mitchell, Brandon & Schmidt, of Carbondale, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Plaintiffs appeal from the orders of the circuit court of Jackson County granting the motions of defendant, Jackson County Nursing Home, to dismiss plaintiffs' complaints pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)).

Plaintiffs' decedent, John William Hatley, was a resident of Jackson County Nursing Home on August 6, 1984, when he fell and fractured his leg. Decedent died the next day from cardio-respiratory failure allegedly connected with his fall. On August 4, 1986, two days before the running of the statute of limitations on their cause of action for wrongful death against defendant nursing home, plaintiffs filed a complaint in case number 86—L—92. Defendant was not served with summons until April 24, 1987, almost nine months later. Defend-

ant accordingly filed a motion to dismiss pursuant to Supreme Court Rule 103(b). While this motion was pending, plaintiffs, two months later, filed a motion for voluntary dismissal. The trial court granted plaintiffs' motion. On April 22, 1988, plaintiffs filed a complaint in case number 88—L—28 containing the same cause of action as case number 86—L—92 against defendant. Defendant was served three days later. On May 3, 1988, defendant responded with a motion for involuntary dismissal based on the trial court's failure to decide its Rule 103(b) motion in case number 86—L—92 before granting plaintiffs' voluntary dismissal. The trial court vacated the voluntary dismissal pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) and dismissed both case number 86—L—92 and number 88—L—28 with prejudice pursuant to Rule 103(b) based on a finding of plaintiffs' failure to exercise due diligence in obtaining service upon defendant in case number 86—L—92. Plaintiffs subsequently filed a motion to supplement the record and to modify the June 8 order which the trial court denied. The trial court accordingly reinstated its June 8, 1988, order dismissing plaintiffs' complaints with prejudice. Plaintiffs appeal from the trial court's order dismissing their complaints in case numbers 86—L—92 and 88—L—28. These appeals have been consolidated for purposes of opinion.

Plaintiffs argue on appeal the trial court erred in dismissing their complaints with prejudice pursuant to Rule 103(b) in this instance when defendant had *actual* knowledge of the pending suit within nine days of its being filed. Plaintiffs readily concede they simply failed to execute service on defendant but contend valid legal claims should not be extinguished on technicalities when it is clearly evident defendant had notice of the suit within such a short time of its being filed. Plaintiffs point to a newspaper interview with defendant's attorney and administrator pertaining to the suit conducted within nine days of the filing date as evidence of defendant's knowledge and notice of their claim.

We agree with plaintiffs that defendant clearly had actual knowledge of the pending suit against it within a reasonable time to avoid any prejudice or disadvantage to defendant in any way. We also note that defendant, being a municipal entity, would have received notice of plaintiffs' claim within one year prior to the actual filing date because of the applicability of section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 8—102) to the instant situation. Section 8—102 (repealed effective November 25, 1986) required the filing of "notice of injury" within one year from the date of the injury or the accrual of a

cause of action with the secretary or clerk if a party were about to commence any civil action for damages against a local public entity. It is true that actual notice or knowledge of a pending suit, as well as lack of prejudice, are not always enough to prevent dismissal under Rule 103(b). (See *Faust v. Michael Reese Hospital & Medical Center* (1978), 61 Ill. App. 3d 233, 238, 377 N.E.2d 1040, 1044; *Karpiel v. La Salle National Bank* (1970), 119 Ill. App. 2d 157, 161-62, 255 N.E.2d 61, 64.) But, we are equally aware of an overriding consideration that cases should be decided on their merits. (See *Galvan v. Morales* (1972), 9 Ill. App. 3d 255, 258-59, 292 N.E.2d 36, 38-39. See also *Segal v. Sacco* (1988), 175 Ill. App. 3d 504, 506, 529 N.E.2d 1038, 1040.) We believe in this instance the trial court failed to properly consider all of the competing factors inherent in ruling on a Rule 103(b) motion, especially in light of our supreme court's recent holding in *Martinez v. Erickson* (1989), 127 Ill. 2d 112, 535 N.E.2d 853. Under *Martinez*, a trial court must also consider a plaintiff's diligence in obtaining service after refiling on a voluntary dismissal in light of the entire history of a case. (127 Ill. 2d at 121-22, 535 N.E.2d at 858. See also *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 283, 492 N.E.2d 1322, 1327.) Here, defendant was served within three days of refiling. The trial court simply cannot disregard such obvious diligence on the part of plaintiffs the second time around. (*Martinez*, 127 Ill. 2d at 122, 535 N.E.2d at 858.) Because the trial court failed to consider the totality of the circumstances present here, we must remand plaintiffs' causes for further proceedings consistent with this opinion. 127 Ill. 2d at 122, 535 N.E.2d at 858.

For the aforementioned reasons, we reverse the orders of the circuit court of Jackson County granting defendant's motions to dismiss case numbers 86—L—92 and 88—L—28 and remand for further proceedings consistent with this opinion.

Reversed and remanded.

WELCH, P.J., and GOLDENHERSH, J., concur.