(No. 69258.—

JOHN PAUL WOMICK, as Adm'r for the Estate of John William Hatley, Appellee, v. JACKSON COUNTY NURSING HOME, Appellant.

*Opinion filed May 30, 1990.—Rehearing denied October 1, 1990.*

Charles E. Schmidt and Rebecca J. O'Neill, of Mitchell, Brandon & Schmidt, of Carbondale, for appellant.

John Womick, of Womick & Associates, Chtd., of Car-

bondale, appellee *pro se.*

JUSTICE CLARK delivered the opinion of the court:

On August 4, 1986, appellee, John Paul Womick (Womick), as the administrator of the estate of John William Hatley, brought a wrongful death action against the Jackson County Nursing Home (nursing home) in the circuit court of Jackson County (cause number 86—L—92). The complaint was filed two days before the applicable statute of limitations expired and alleged that John Hatley had died from cardiorespiratory failure associated with a fall at the nursing home. Womick did not place summons until April 23, 1987, nearly nine months after the statute of limitations had expired; the nursing home was served with summons the next day. On May 14, 1987, the nursing home filed a motion to dismiss pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)), on the grounds that Womick had failed to exercise reasonable diligence in the service of process. On July 3, 1987, while the motion to dismiss was pending, Womick filed a motion for voluntary dismissal pursuant to section 2—1009 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009). The nursing home objected to the motion, arguing that under this court's decision in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, the trial court was required to rule on the nursing home's Rule 103(b) motion before considering Womick's motion for voluntary dismissal. (See *O'Connell v. St. Francis Hospital,* 112 Ill. 2d at 283 (in which this court held that a trial judge should consider a pending defense motion for dismissal under Rule 103(b) before taking up a plaintiff's motion for voluntary dismissal).) On July 10, 1987, Judge Oros granted Womick's motion for voluntary dismissal without prejudice, without considering the merits of the nursing home's Rule 103(b) motion.

Relying on section 13—217 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 13—217), Womick refiled the same action in the circuit court of Jackson County on April 22, 1988, as cause number 88—L—28, and the cause was assigned to Judge Green. The nursing home was served three days later, on April 25, 1988. On May 3, 1988, the nursing home filed a motion for involuntary dismissal of cause number 88—L—28 pursuant to Rule 103(b). At the same time, the nursing home filed a motion to vacate the voluntary dismissal in cause number 86—L—92 pursuant to section 2—1401 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401), alleging that the dismissal had been entered on an *ex parte* basis. The nursing home also requested that the circuit court rule on its Rule 103(b) motion which had been filed in the original cause.

On May 24, 1988, Womick petitioned for a change of venue from Judge Green pursuant to section 2—1001 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001); the cause was subsequently reassigned to Judge Richman. On June 8, 1989, after a hearing, Judge Richman vacated the dismissal order that had been entered in cause number 86—L—92, thereby reinstating the cause. He then considered the merits of the Rule 103(b) motion filed in that cause and, finding that Womick had not exercised reasonable diligence in serving the nursing home in the original action, granted the nursing home's motion for involuntary dismissal. Because the statute of limitations had expired, this dismissal was necessarily with prejudice. (107 Ill. 2d R. 103(b); see also *Muskat v. Sternberg* (1988), 122 Ill. 2d 41, 49.) Finally, the court determined that cause number 88—L—28 alleged the same cause of action as had been alleged in cause number 86—L—92, and dismissed the refiled action. The appellate court reversed the judgment of the circuit court, holding that the trial court abused its discretion by fail-

ing to consider the plaintiff's diligence in serving the nursing home in the refiled action. 188 Ill. App. 3d 204.

The issue on appeal is whether the trial court abused its discretion in finding that Womick did not exercise reasonable diligence in serving the nursing home. We find that it did not.

Rule 103(b) provides:

"(b) Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 107 Ill. 2d R. 103(b).

Womick contends that the trial court abused its discretion in dismissing the suit pursuant to Rule 103(b) because the nursing home had actual notice of the lawsuit. Womick relies on an article in a local newspaper, in which the administrator of the nursing home was questioned about the suit, as evidence that the nursing home had notice of the pendency of the lawsuit. Womick further points out that because the nursing home is a municipal entity, it had notice of the claim even before suit was filed by virtue of section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 8—102), which requires that persons file a "notice of injury" within one year from the date of the injury or the accrual of a cause of action in order to commence a civil action for damages against a local public entity. Womick argues that the purpose of Rule 103(b) is to provide a defendant with notice as to the pendency of a civil suit, and maintains that even though the nursing home was not served

with summons until almost nine months after the expiration of the statute of limitations, the purpose of Rule 103(b) was not defeated and the nursing home was not prejudiced, because it had notice of the suit.

It is true that one of the purposes of Rule 103(b) is to provide notice to the defendant. (See *Segal v. Sacco* (1990), 136 Ill. 2d 282, 286.) However, as the appellate court recognized, actual notice or knowledge of the lawsuit along with a lack of prejudice to the defendant will not necessarily preclude a dismissal under Rule 103(b). (188 Ill. App. 3d at 207; see also *Gatto v. Nelson* (1986), 142 Ill. App. 3d 284, 290-91.) This court noted in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, that "Rule 103(b) was adopted by this court to effectuate its historical and constitutional mandate to render justice fairly and promptly." (*O'Connell*, 112 Ill. 2d at 282; see also *Martinez v. Erikson* (1989), 127 Ill. 2d 112, 117; *Muskat v. Sternberg* (1988), 122 Ill. 2d 41, 46.) Thus, while actual notice or knowledge of the pendency of a suit or the lack of prejudice to the defendant are significant in that they may affect the judge's determination as to whether the plaintiff was diligent, they are but two factors to be considered by the court in making that determination. Other factors include: (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) special circumstances which would affect plaintiff's efforts; and (6) actual service on the defendant (*Segal v. Sacco*, 136 Ill. 2d at 287), and all of these factors are to be considered with a view toward fulfilling the constitutional mandate of rendering justice fairly and promptly (see *Muskat*, 122 Ill. 2d at 49).

Womick contends that in evaluating his diligence, the trial court should have considered the circumstances sur-

rounding service of summons in the second suit as well as the first suit. Under the facts of this case, we do not agree.

The record establishes that on July 10, 1987, cause number 86—L—92 was dismissed based on Womick's motion for voluntary dismissal. On May 3, 1988, the nursing home filed a petition, pursuant to section 2—1401 of the Civil Practice Law, to vacate the order of voluntary dismissal because it had been entered on an *ex parte* basis. (Section 2—1401 provides that "[r]elief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section," provided such petitions are filed not later than two years after the entry of the order or judgment (Ill. Rev. Stat. 1985, ch. 110, pars. 2—1401(a), (d)).) In the petition, counsel for the nursing home stated that he had never received notice of a hearing on the motion for voluntary dismissal, that he never saw a copy of the dismissal order prior to its entry, that he had never been informed that the dismissal order had been entered and that he did not learn of the dismissal until September 1987. Counsel therefore claimed that he was entitled to relief under section 2—1401 of the Civil Practice Law. (See *Johnson v. Hawkins* (1972), 4 Ill. App. 3d 29, 32 (where a court has jurisdiction over the parties and the subject matter, a party's failure to provide notice renders an order voidable and subject to attack under section 72 of the Civil Practice Act (now section 2—1401 of the Civil Practice Law)).) After a hearing, the trial court granted the nursing home's section 2—1401 petition and reinstated cause number 86—L—92, thus placing the cause in the same posture as it had been prior to the dismissal. We note that Womick does not dispute that the dismissal was entered on an *ex parte* basis, or challenge the propriety of this order on appeal. Once the cause was reinstated, the trial court considered the merits of

the nursing home's pending Rule 103(b) motion in accordance with this court's decision in *O'Connell*.

It is apparent from the procedural history that Womick's complaint was dismissed, with prejudice, in the original suit. At that time, only the facts surrounding service of summons in the original action were relevant to the Rule 103(b) motion under consideration. Consequently, we find that the trial court properly confined its review to Womick's diligence in the original action in considering the nursing home's Rule 103(b) motion for dismissal.

Turning now to the question of whether the trial court abused its discretion in granting the nursing home's motion to dismiss, we note that dismissals pursuant to Rule 103(b) have been upheld in other cases in which the plaintiff made no effort to serve the defendant for a significant period of time after filing suit. For example, in *Luebbing v. Copley Memorial Hospital* (1978), 60 Ill. App. 3d 780, the plaintiff did not place summons until 10 months after the lawsuit was filed. The trial court found that the plaintiff had failed to exercise due diligence in service of process, and dismissed the cause pursuant to Rule 103(b). The appellate court affirmed, holding that, based on the circumstances of that case, "beyond a doubt, plaintiff *** failed to exercise service on the defendants within the purview of Supreme Court Rule 103(b)." *Luebbing*, 60 Ill. App. 3d at 783.

In *Penrod v. Sears, Roebuck & Co.* (1986), 150 Ill. App. 3d 125, the appellate court found an absence of reasonable diligence under circumstances in which the plaintiff had made some minimal efforts to obtain service of summons over a period of seven months. In *Penrod*, the plaintiff filed suit in Vermilion County on November 9, 1984, the day before the expiration of the statute of limitations. Attached to the original complaint was a notice to the clerk of the circuit court requesting that sum-

mons be served on the defendant in Chicago, Illinois. On March 5, 1985, the plaintiff called the clerk's office and was advised that summons had not issued. Plaintiff prepared a summons and sent it to the clerk on June 4, 1985; the summons was never returned by the clerk. An alias summons was prepared by the plaintiff on July 3, 1985, issued by the clerk on July 8, 1985, and served on the defendant on July 19, 1985. On July 30, 1985, the defendant filed a motion to dismiss pursuant to Rule 103(b). On August 15, 1985, the plaintiff filed a motion for voluntary dismissal pursuant to section 2—1009 of the Civil Practice Law. Plaintiff's motion for voluntary dismissal was granted on September 13, 1985.

The defendant moved for reconsideration of the dismissal. The court subsequently determined that the motion to dismiss pursuant to Rule 103(b) should have been heard before consideration of the plaintiff's motion for voluntary dismissal pursuant to *O'Connell*, vacated the order granting voluntary dismissal, and dismissed plaintiff's complaint with prejudice pursuant to Rule 103(b). The plaintiff appealed, arguing that the trial court had abused its discretion. The appellate court affirmed the trial court, finding that there had been no abuse of discretion. The appellate court held that the plaintiff had a nondelegable duty to take all steps necessary to bring his cause to a prompt conclusion and that plaintiff's failure to obtain prompt issuance of summons and to deliver it to the sheriff for service over a period of seven months showed a lack of reasonable diligence. *Penrod*, 150 Ill. App. 3d at 129.

In the present case, we similarly find no evidence of diligence in effectuating service. Womick made no attempt to place summons for a period of almost nine months after the expiration of the statute of limitations, and has offered no explanation for this inactivity. There is no question that he knew how to locate the nursing

home: the fact that service was effectuated in only one day reflects the ease with which service of summons could have been had. While it is true that the nursing home had notice of the lawsuit in the present case, that notice is not sufficient to preclude dismissal in light of Womick's obvious lack of diligence. Dismissal under Rule 103(b) is within the sound discretion of the trial court. (*Segal v. Sacco*, 136 Ill. 2d at 286.) Based on the facts of this case, we hold that the trial court did not abuse its discretion in finding that Womick had not exercised reasonable diligence in effectuating service on the nursing home and, consequently, decline to disturb the trial court's determination.

We note, parenthetically, that had the trial court considered the nursing home's Rule 103(b) motion for involuntary dismissal prior to granting Womick's motion for voluntary dismissal, in all probability, a second suit would never have been filed. If, after hearing the nursing home's Rule 103(b) motion, the trial court had denied the motion, the original action could have run its course. Had the trial court granted the Rule 103(b) motion, the dismissal would have been with prejudice because the statute of limitations had expired, and Womick would have been precluded from refiling the action. In either event, the matter would have proceeded to a more expeditious disposition and judicial time and resources would not have been needlessly expended.

For the foregoing reasons, the judgment of the appellate court is reversed, and the judgment of the circuit court of Jackson County is affirmed.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*