2025 IL App (1st) 231547-U

SIXTH DIVISION
March 28, 2025

No. 1-23-1547

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| LEAH M. RICHARDSON, KHALEN M. MEEKS, | ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellants. | ) ) ) | |
| v. | ) ) | No. 2020 L 005577 |
| NATASHA SABBS, | ) ) ) | The Honorable Scott McKenna and Thomas Cushing, |
| Defendant-Appellant. | ) | Judges Presiding. |

PRESIDING JUSTICE TAILOR delivered the judgment of the court.
Justices C.A. Walker and Gamrath concurred in the judgment.

**ORDER**

¶ 1     Held:   The circuit court abused its discretion by dismissing the complaint with prejudice as to two of the three plaintiffs for lack of due diligence in service of process where it failed to consider significant facts and circumstances apparent from the record.

¶ 2                                        I. BACKGROUND

¶ 3     On May 26, 2018, plaintiff Leah Richardson and her minor passengers, plaintiffs Khalen Meeks and Brianne Richardson, were involved in an automobile accident with defendant Natasha Sabbs. Brianne was 11 years old, and Khalen was 17 years old at the time. On May 22, 2020, almost two years later, plaintiffs, represented by Denise Brewer of The Brewer Group, LLC

(Brewer), filed a complaint alleging negligence against Sabbs. However, the summons and complaint were not served on Sabbs until June 28, 2022, more than two years after the complaint was filed. Khalen turned 18 years old in December 2018, so the limitations period on her claim lapsed two years thereafter, in December 2020 (735 ILCS 5/13-211(a) (West 2022)), or approximately 18 months before Sabbs was served. Brianne's claim had not yet accrued for purposes of the limitations period when Sabbs was served.

¶ 4    The record contains an undated summons filed around the same time as the complaint, showing two pre-stamped addresses for Sabbs: 8513 South Kingston Avenue, Chicago—the address from the police crash report—and 8541 South Hermitage Avenue, Chicago. The record does not show any attempts at service at either address around the time the summons was issued.

¶ 5    Due to the COVID-19 pandemic, the circuit court entered an administrative order striking the April 15, 2021, court date and ordering that a case management conference order be submitted no later than January 31, 2021. The order states: "failure to submit the required [case management] order by January 31, 2021, will result in the case being administratively dismissed by the assigned motion judge." Plaintiffs did not file a proposed case management order, and the case was dismissed for want of prosecution on March 23, 2021.

¶ 6    On April 19, 2021, plaintiffs filed a motion to vacate the March 23, 2021, dismissal order. On May 11, 2021, the circuit court vacated the March 23, 2021, dismissal order and set the case for status on settlement on July 22, 2021. There is no order in the record from July 22, 2021. On September 29, 2021, the circuit court entered an order continuing the case to November 4, 2021, again for status on settlement. On November 4, 2021, the circuit court entered an order continuing the case to January 20, 2022, once again for status on settlement. No order was entered on January 20, 2022.

¶ 7    On March 22, 2022, plaintiffs filed a motion for leave to substitute Harvey L. Walner & Associates (Walner) for Brewer as their attorney. The motion indicated that Brewer had not responded to any of Walner's emails requesting assistance with the motion for leave to substitute. On April 7, 2022, the circuit court entered an order granting plaintiffs' motion for leave to substitute and appointed Elite Process Serving and Investigations, Inc. as special process server.

¶ 8    On April 14, 2022, a summons was issued showing Sabbs's address as 8513 S. Kingston Avenue, Chicago, the address identified in the police report. On May 6, 2022, a summons was issued, which also stated that Sabbs's address was 8513 S. Kingston Avenue. An affidavit of non-service returned from the Sheriff's Office dated May 22, 2022, showed "no contact" with Sabbs at the 8513 S. Kingston address. A "skip trace" report dated May 27, 2022, revealed Sabbs's address was 8541 S. Hermitage Avenue, Chicago. An alias summons with that address was issued, and Sabbs was served at that address by a special process server on June 18, 2022.

¶ 9    On August 3, 2022, Sabbs filed her appearance, jury demand, and a motion to dismiss pursuant to Illinois Supreme Court Rule 103(b). Sabbs argued that the original summons listed Sabbs's address as 8541 South Hermitage Avenue, but plaintiffs made "no attempt to serve this initial summons" and that plaintiffs made no attempt to serve Sabbs between May 22, 2020, when the complaint was filed, and April 14, 2022, when another summons was issued. Sabbs further argued that the statute of limitations had expired as to both Leah's and Brianne's claims on May 26, 2020, and that it had expired as to Khalen's claim on December 17, 2020, two years after her eighteenth birthday. Sabbs argued that Rule 103(b) required plaintiffs to exercise reasonable diligence to obtain service on Sabbs. While admitting her insurance carrier had knowledge of the pending lawsuit and had "continued its investigation," Sabbs claimed there was "no evidence that

[she] had any knowledge" of the lawsuit. In addition, she stated that even if her insurer agreed to waive or accept service, it was not binding on her absent actual authority by her insurer.

¶ 10    In response, plaintiffs asserted that they had retained Walner due to a lack of communication from Brewer and a lack of progress in their case. Plaintiffs asserted that Walner would have been able to substitute in "earlier had [they] been able to effectively communicate with *** Brewer." When Brewer failed to respond to Walner's efforts to communicate about the case, Walner moved to substitute as counsel of record. Once the motion was granted, Walner "took proactive steps" and "acted quickly" to obtain service. Plaintiffs then conceded that:

> "the other factors of this test [under Rule 103(b)] do weigh against the Plaintiffs: the time of service has been delayed, [Brewer] appears to not have taken much action, and it appears service would not have been that difficult to accomplish. But these failures were failures by previous counsel. We ask the court to weigh more heavily the best interests of the Plaintiffs themselves to continue their case in relation to their injuries, their resolution to get new counsel, and the quick, dutiful efforts to speedily get service once new counsel was acquired."

¶ 11    In reply, Sabbs argued that plaintiffs' claimed "special circumstances," i.e., the failure of their prior counsel to "act appropriately" to diligently serve her, were "not sufficient to permit denial of Sabbs's motion." Sabbs asserted that plaintiffs, through their retained counsel, made no reasonable effort to serve [her] for 23 months, and under Illinois law, "the acts or omissions of an attorney are binding on the client."

¶ 12    On March 27, 2023, Judge McKenna issued an order granting Sabbs's motion to dismiss the complaint pursuant to Supreme Court Rule 103(b) with prejudice, stating :"This case is a sad example where the Plaintiffs themselves are now paying the dire consequences for the lack of

diligence of their originally-retained attorney." On April 26, 2023, plaintiffs filed a motion to reconsider. Plaintiffs argued that while Sabbs's Rule 103(b) motion to dismiss asserted that the statute of limitations as to Brianne "expired on May 26, 2020," their complaint alleged that Brianne was a minor at the time of the incident. Moreover, the police report from the accident shows Brianne was born in 2007, so she will reach the age of majority in 2025. A hospital intake report similarly showed Brianne was 11 years old on the date of the incident. Thus, plaintiffs argued that the plain language of Rule 103(b) did not allow for Brianne's claim to be dismissed with prejudice because the limitations period on her claim had not yet accrued.

¶ 13 Plaintiffs further argued that while the circuit court deemed this another "sad example" of the consequences of the lack of diligence of their originally-retained attorney, plaintiffs themselves had been diligent, as evidenced by their retention of new counsel. Yet plaintiffs were prohibited from taking corrective action sooner because Brewer would not communicate with them or their newly retained counsel. Brewer's cellphone and office phone numbers had been disconnected. Walner attempted on numerous occasions to write, email, and call Brewer, all to no avail.

¶ 14 Plaintiffs further argued that Sabbs would not be prejudiced because the case could and would proceed as to Brianne because the statute of limitations on her claim had not yet accrued. Plaintiffs claimed that the court did not consider all the relevant factors and circumstances evident here. Finally, plaintiffs asserted that any intentional misconduct by Brewer should not be imputed to them.

¶ 15 In response, Sabbs admitted error in not correctly identifying Brianne's birth date, agreed that the statute of limitations had not yet accrued on her claim, and conceded that her claim could not be dismissed with prejudice under Rule 103(b) and *Parker v. Piskur*, 258 Ill. App. 3d 344, 349

(1994). However, Sabbs asserted that the court had not erred in applying the relevant factors under Rule 103(b) in dismissing Leah's and Khalen's claims.

¶ 16    In reply, Plaintiffs maintained that the circuit court should consider all extenuating circumstances, including the lack of response or cooperation from Brewer, as well as Sabbs's failure to explain how she would be prejudiced if Leah and Khalen were permitted to prosecute their claims when Brianne would still be permitted to prosecute her claim.

¶ 17    On July 28, 2023, Judge Cushing denied the motion to reconsider as to Leah and Khalen but granted the motion as to Brianne and dismissed the case without prejudice as to Brianne only.

¶ 18    On August 24, 2023, Leah and Khalen timely filed a notice of appeal.

¶ 19                                    II. ANALYSIS

¶ 20    A ruling on a motion to dismiss pursuant to Rule 103(b) will not be disturbed absent an abuse of discretion. *Case v. Galesburg Cottage Hosp*., 227 Ill. 2d 207, 213 (2007). An abuse of discretion occurs when a court's decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would adopt the court's view. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 14.

¶ 21    Supreme Court Rule 103(b) states:

"If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant ***." Ill. Sup. Ct. R. 103(b).

The purpose of Rule 103(b) is to protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations. *Segal v. Sacco*, 136

Ill. 2d 282, 286 (1990). "Dismissal of a cause with prejudice under Rule 103(b) is a harsh penalty which is justified when the delay in service of process is of a length which denies a defendant a 'fair opportunity to investigate the circumstances upon which liability against [the defendant] is predicated while the facts are accessible.' " *Id.* at 288 (quoting *Geneva Construction Co. v. Martin Transfer & Storage Co.*, 4 Ill. 2d 273, 289-90 (1954)).

¶ 22 In considering dismissal under Rule 103(b), the lack of prejudice and actual notice of the lawsuit to the defendant are "significant" in that they may affect the judge's determination as to whether the plaintiff was diligent" under Rule 103(b). *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 377 (1990). For example, in *Segal*, our supreme court held that the circuit court abused its discretion in dismissing the plaintiffs' complaint under Rule 103(b) because the defendant was not prejudiced by a 19-week delay in service even though the plaintiffs' failure to exercise diligence occurred after the limitations period lapsed. *Segal*, 136 Ill. 2d at 288-89. More recently, in *Ollins v. Karl*, 2022 IL App (1st) 220150, we recognized that prejudice to the defendant remains an important consideration in a Rule 103(b) analysis where the plaintiff's failure to exercise diligence occurs after the limitations period lapses, stating: "If the court finds, on remand, that *** plaintiffs' lack of reasonable diligence in service occurred after the limitations period expired *and* prejudiced defendant, it may order the dismissal of plaintiffs' complaint with prejudice." *Id.* ¶ 60 (emphasis in original.) At the same time, "actual notice or knowledge of the lawsuit along with a lack of prejudice to the defendant will not necessarily preclude a dismissal under Rule 103(b)." *Womick*, 137 Ill. 2d at 377.

¶ 23 Reflecting the facts and circumstances analysis called for under Rule 103(b), we have also held that a court may consider settlement discussions when determining whether a plaintiff exercised reasonable diligence in effecting service under Rule 103(b). *McRoberts v. Bridgestone*,

365 Ill. App. 3d 1039, 1045 (2006) (finding the court abused its discretion when it dismissed a complaint where plaintiff was negotiating a settlement with defendant's insurer before effecting service of process).

¶ 24 In addition to prejudice to the defendant, actual notice of the lawsuit to the defendant, and settlement discussions between the parties, other factors a court may consider in determining whether to allow or deny a Rule 103(b) motion include, but are not limited to: (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of the pendency of the action as a result of ineffective service; (6) special circumstances that would affect plaintiff's efforts; and (7) actual service on defendant. *Segal*, 136 Ill. 2d at 287; *Case*, 227 Ill. 2d at 212-13.

¶ 25 In assessing a dismissal under Rule 103(b), the circuit court applies an objective standard of reasonable diligence, with each case turning on its own specific facts. *Segal*, 136 Ill. 2d at 286. All of the relevant factors must be considered in light of the purpose of Rule 103(b) to fulfill "the constitutional mandate of rendering justice fairly and promptly." *Womick*, 137 Ill. 2d at 377; *Segal*, 136 Ill. 2d at 287. There is no specific time limitation provided by Rule 103(b). *Case*, 227 Ill. 2d at 213. Rather, a court must consider the passage of time in relation to all the other facts and circumstances of each case individually. *Id*. "In other words, the trial court's determination of a plaintiff's lack of diligence 'is a fact-intensive inquiry suited to balancing, not bright lines.' " *McRoberts v. Bridgestone Ams. Holding, Inc.*, 365 Ill. App. 3d 1039, 1042 (2006) (quoting *Hinkle v. Henderson*, 135 F.3d 521, 524 (7th Cir. 1998)).

¶ 26 In moving for dismissal under Rule 103(b), the defendant initially must make a *prima facie* showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing

the complaint. *Ollins v. Karl*, 2022 IL App (1st) 220150, ¶ 35. Once the defendant establishes that the time between the filing of the complaint and the date of service suggests a lack of diligence, the burden shifts to the plaintiff to provide a satisfactory explanation for the delay in service. *Id.*

¶ 27    Plaintiffs argue that the circuit court abused its discretion when it "automatically assessed the inaction and conduct of prior counsel against the[m]" without considering any special circumstances in this case. At first pass, this case appears to cry out for dismissal under Rule 103(b). After all, plaintiffs filed their complaint almost two years after the accident and did not serve Sabbs until almost two years thereafter. However, the circuit court focused entirely on the lengthy delay in service, that Sabbs was served at an address already known to the plaintiffs, without considering other relevant facts and circumstances apparent from the record, including the court's own orders reflecting settlement discussions, that could have affected its analysis and decision to dismiss this case.

¶ 28    The record here reflects that: (1) Sabbs's insurer had knowledge of and investigated the accident giving rise to the lawsuit after plaintiffs filed their complaint, and thus a reasonable inference may be drawn that Sabbs was also aware of the lawsuit; (2) the parties had settlement discussions between the filing of the complaint and service of process on Sabbs, as reflected in the circuit court's own orders; (3) Sabbs herself suggests that her insurer agreed to waive service of process; and (4) Sabbs would not have been prejudiced if Leah and Khalen were allowed to proceed with their claims against her because Sabbs still had to defend Brianne's claim on the merits because Brianne's claim had not yet accrued for purposes of the statute of limitation. The record does not reflect that the circuit court considered these unique facts and circumstances apparent from the record. We address each of these unique considerations in turn.

¶ 29    First, the record reflects that Sabbs's "insurance carrier had knowledge of the filing of the suit and continued its investigation" before she was formally served. Although Sabbs argues there was no evidence that she was personally aware of the lawsuit, her knowledge may be reasonably inferred from her insurer's knowledge and its investigation of the allegations in the complaint. That Sabbs had actual notice is "significant" in determining whether the plaintiffs exercised reasonable diligence. *Womick*, 137 Ill. 2d at 377. See also *McRoberts v. Bridgestone*, 365 Ill. App. 3d 1039, 1045 (2006) (circuit court abused its discretion in dismissing lawsuit with prejudice under Rule 103(b) because, among other special circumstances, defendant "was aware of the lawsuit, since the adjuster that it instructed to act on its behalf had been informed of the lawsuit.").

¶ 30    Second, the circuit court's own orders indicate that the parties were engaged in settlement discussions. The court continued the case three times between May 2021 and January 2022 for "settlement status." In *McRoberts*, 365 Ill. App. 3d 1039 (2006), the plaintiff filed his lawsuit a few days before the limitations period lapsed and did not serve the defendant until one year later. *Id.* at 1040-41. The court found that the trial court abused its discretion in dismissing the plaintiff's complaint under Rule 103(b), where the plaintiff and the defendant's insurance adjuster engaged in informal discovery and settlement discussions before and after the complaint was filed. *Id.* at 1045. The court stated:

> "Given this situation, we cannot embrace imposing the harsh results of a dismissal with prejudice upon a plaintiff who cooperated with the defendant's informal discovery requests, which advanced the interests of both parties, in the hope of settling the case short of active litigation. In fact, [defendant's] motion to dismiss for a failure to act with reasonable diligence in effecting service strikes us as disingenuous, rather than reflecting

a legitimate effort to advance an important right or to protect against a serious prejudice."

*Id.*

Here, Sabbs stated in her Rule 103(b) motion that her insurer had "continued its investigation," indicating that the parties may have informally exchanged information. Moreover, the circuit court's orders reflect that the parties were engaged in settlement discussions, and we assume the circuit court is familiar with its own orders. Therefore, as in *McRoberts*, it may be disingenuous for Sabbs to argue that plaintiffs failed to exercise reasonable diligence in service of process or that she was prejudiced by any delay.

¶ 31     Third, Sabbs stated in her Rule 103(b) motion that even if her insurer agreed to waive or accept service, it was not binding on her. Sabbs' suggestion that her insurer agreed to waive service is a factor to consider when determining whether plaintiffs acted with reasonable diligence under Rule 103(b). See *Ollins*, 2022 IL App (1st) 220150, ¶ 41 ("A plain reading of Rule 103(b) shows that the supreme court's intent was to ensure that the plaintiff exercised reasonable diligence in timely notifying the defendant that a case has been filed against him prior to the expiration of the statute of limitations so that he can investigate the case while the facts still are accessible. *** One way to so notify the defendant that a case has been filed is to formally serve him with summons and the complaint; another way is to mail him a waiver of service request with a copy of the complaint pursuant to section 2-213(a) of the Code."); *McRoberts*, 365 Ill. App. 3d at 1044 ("Since a defendant certainly may waive service ***, it was reasonable for [plaintiff] to conclude that this arrangement was acceptable to [defendant]."). If Sabbs's insurer agreed to waive service on her behalf, as Sabbs suggested in her motion, that may weigh against dismissal.

¶ 32     Fourth, Sabbs represented to the court in her Rule 103(b) motion that the "statute of limitations as to the claims of Brianne" "expired on March 26, 2020". Based on that representation,

11

the circuit court initially dismissed the complaint, including Brianne's claim, with prejudice. But because Brianne's claim did not even accrue for purposes of the statute of limitations until she turned 18 years old (735 ILCS 5/13-211(a) ("If the person entitled to bring an action, specified in Section 13-201 through 13-210 of this Code, at the time the cause of action accrued, is under the age of 18 years ***, then he or she may bring the action within 2 years after the person attains the age of 18 years, ***.")), the limitations period on her claim has not yet accrued when Sabbs was served and her claim could not dismissed with prejudice under Rule 103(b). See *Parker v. Piskur,* 258 Ill. App. 3d 344, 349 (1994) ("The language of Rule 103(b) protects minors from a shortening of the statute of limitations applicable to them in a case where the defendant is entitled to a dismissal."). After plaintiffs filed a motion for reconsideration, Sabbs conceded that Brianne's claim should not have been dismissed with prejudice, and the trial court dismissed Brianne's claim without prejudice. As Sabbs faced the prospect of continued litigation (or settlement) of Brianne's claim against her, she likely would not have been prejudiced if she had to defend against Leah's and Khalen's claims as well. *Cf. McRoberts*, 365 Ill. App. 3d at 1045 ("we find no prejudice to Bridgestone/Firestone because of the delay, since the tires-which it indicated on many occasions were key to its decision regarding liability-had been preserved by McRoberts and made available to its adjuster and its legal department for inspection"). To be sure, Sabbs has not even attempted to argue that she was prejudiced by plaintiffs' delay in service of process other than in the most general terms.

¶ 33    In granting Sabbs' Rule 103(b) motion to dismiss, the circuit court emphasized plaintiffs' prior counsel's failure to effect service, finding this case to be "a sad example where the Plaintiffs themselves are now paying the dire consequences for the lack of diligence of their originally-retained attorney." However, nothing in the record indicates that the court considered the many

unique facts and circumstances apparent on the face of the record, including Sabbs's insurer's investigation of the accident and lawsuit, Sabbs's likely knowledge of the lawsuit, the settlement discussions between the parties, the suggestion that Sabbs's insurer agreed to waive service of process, and the fact that Sabbs would not be prejudiced by allowing Leah and Khalen to proceed with their claims because Sabbs would still likely have to defend Brianne's claim on the merits.

¶ 34     We acknowledge that actual notice or knowledge of the lawsuit and a lack of prejudice to the defendant will not necessarily preclude a dismissal under Rule 103(b). *Womick*, 137 Ill. 2d at 377. However, the circuit court must, in the first instance, consider and weigh the unique circumstances in this case in relation to all the other relevant factors when ruling on a Rule 103(b) motion. See *Martinez v. Erickson*, 127 Ill. 2d 112, 121-22 (1989) ("The determination of diligence must be made in light of the totality of the circumstances. Therefore, we believe that a new hearing should be conducted by the circuit judge, so that he may reconsider the defendants' motions in light of the views expressed here."). In *Ollins*, 2022 IL App (1st) 220150, ¶ 53, the court stated:

> "[T]o enter the 'harsh penalty' of a dismissal with prejudice under Rule 103(b), the circuit court must find that plaintiffs' failure to exercise reasonable diligence in serving defendant so prejudiced him as to deny him the fair opportunity, while the facts still are accessible, to investigate the circumstances upon which liability is predicated against him. *** The dismissal order contains no indication that the circuit court made such a determination. In light of the circuit court's failure to consider this relevant factor, we reverse and remand for the court to consider whether plaintiffs' failure to exercise reasonable diligence in serving defendant so prejudiced him as to justify a dismissal of their complaint 'with prejudice.' "

¶ 35     The extant record indicates that Plaintiffs may not have failed to exercise diligence under the specific circumstances of this case. That, coupled with Sabbs's misrepresentation to the court that Brianne's claim became time-barred more than two years before Sabbs was served, could reasonably lead the circuit court to conclude that Sabbs's Rule 103(b) motion was as "disingenuous" as the defendant's Rule 103(b) motion in *McRoberts*, and did not reflect a "legitimate effort to advance an important right or to protect against a serious prejudice." *McRoberts*, 365 Ill. App. 3d at 1045. We express no opinion on whether the circuit court should grant Sabbs's Rule 103(b) motion to dismiss Leah and Khalen's claims with prejudice, but remand for it to make that determination after a fulsome review of the specific facts and circumstances surrounding the delay in service of process here.

¶ 36                                      III. CONCLUSION

¶ 37     For the foregoing reasons, the judgment of the circuit court is reversed and remanded for additional proceedings consistent with this decision.

¶ 38     Reversed and remanded.