FRANK C. BEMIS, Plaintiff-Appellee, v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant.—KEVIN SNEAD *et al.*, Plaintiffs, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.—MARK J. EAVENSON, Plaintiff, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *et al.*, Defendants.

First District (6th Division)   No. 1—08—0284

Opinion filed February 27, 2009.

Howard J. Roin, Joshua D. Yount, and Nissa Imbrock, all of Mayer Brown LLP, of Chicago, for appellant.

Bradley M. Lakin, Gail G. Renshaw, Robert W. Schmieder, Jeffrey A.J. Millar, and Jonathan B. Piper, all of Lakin Law Firm, of Wood River, for appellee.

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, State Farm Fire and Casualty Company (State Farm[1]), appeals from the trial court's granting of a motion filed by plaintiff,

---

[1]For the sake of clarity, we shall refer to State Farm Fire and Casualty

Frank C. Bemis, D.C., pursuant to the substitution of judge statute under section 2—1001 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—1001 (West 2006)). Defendant contends that plaintiff's use of section 2—1001 of the Code violates the Illinois Constitution's separation of powers principles by undermining the supreme court's prior Rule 384 order (137 Ill. 2d R. 384) that transferred the cause to the circuit court of Cook County and consolidated it with two other pending cases. State Farm filed a petition for leave to appeal under Supreme Court Rule 308 (155 Ill. 2d R. 308) with this court. We granted State Farm's petition, and for the following reasons, we affirm the judgment of the circuit court.

## BACKGROUND

In 1999, a putative class action complaint entitled Snead v. State Farm Mutual Automobile Insurance Co. (hereafter *Snead*) was filed in the circuit court of Cook County, alleging that the defendant conducted an improper "utilization review" and "paper review" that denied insurance claims for reimbursement of medical expenses. Shortly thereafter, the instant plaintiff's counsel filed a putative class action complaint entitled Siler v. State Farm Mutual Automobile Insurance Co. (hereafter *Siler*) in the circuit court of Madison County. State Farm filed a Rule 384 motion in the supreme court seeking to transfer *Siler* to the circuit court of Cook County and consolidate it with *Snead*. The supreme court granted State Farm's motion, and upon transfer to and consolidation in the circuit court of Cook County, State Farm filed a motion to dismiss. The instant plaintiff's counsel, however, filed a motion to voluntarily dismiss *Siler* with prejudice, and the trial court granted plaintiff's motion.

The instant plaintiff's counsel then filed two additional putative class action lawsuits in the circuit court of Madison County: Jones v. State Farm Fire & Casualty Co. (hereafter *Jones*) (alleging improper computer review of healthcare providers) and Eavenson v. State Farm Mutual Automobile Insurance Co. (hereafter *Eavenson*) (alleging improper computer review of healthcare providers and insured parties). On February 21, 2005, State Farm again filed a Rule 384 motion in the supreme court seeking to transfer *Jones* and *Eavenson* to the Cook County circuit court and consolidate them with *Snead*. State Farm argued in its motion that the cases should be consolidated in

Company, State Farm Mutual Automobile Insurance Company, and State Farm Life Insurance Company collectively as "State Farm," a practice that defendant employs in its briefs. See also *Ready v. United/Goedecke Services, Inc.*, 232 Ill. 2d 369, 372 n.1 (2008) ("We acknowledge that, in general, a party should be addressed in the manner the party prefers").

Cook County before "a court that already is addressing the issues as a result of presiding over the *Snead* action." On April 6, 2005, the supreme court granted State Farm's motion, ordering *Jones* and *Eavenson* to be "transferred to the circuit court of Cook County and consolidated with *Snead*," which was before Judge Maki. On June 23, 2005, and after Judge Maki dismissed all but one of the five counts of the *Snead* plaintiff's complaint, the *Jones* plaintiff filed a motion for substitution of judge as of right. State Farm objected to that plaintiff's motion, but admits in its brief that it did not argue that granting the motion would violate separation of powers principles. On August 25, 2005, Judge Maki granted plaintiff's motion, and the consolidated cases were transferred to Judge Agran. On May 1, 2006, Judge Agran granted State Farm's motion to dismiss *Jones* with prejudice.

On January 18, 2007, plaintiff filed the instant class action complaint against defendant in the circuit court of Madison County, alleging that State Farm improperly discounted plaintiff's fees based upon a claimed Preferred Provider Organization (PPO) network reduction without either a valid PPO agreement or providing the "channeling" or "steerage" of patients that PPO payers are normally obligated to do.

On May 30, 2007, State Farm filed another Rule 384 motion in the supreme court to transfer the cause to the circuit court of Cook County and consolidate it with *Eavenson* and *Snead*, which were pending in that court at that time. On June 26, 2007, the supreme court granted State Farm's motion, ordering the case at bar to be "transferred to the Circuit Court of Cook County and consolidated with *Eavenson* \*\*\* and *Snead*."

Although Judge Agran was presiding over *Eavenson* and *Snead*, the instant case was inadvertently assigned to another judge upon arrival in the Cook County circuit court. Plaintiff filed a motion to consolidate his case with *Eavenson* and *Snead*, noting the supreme court's order to consolidate. Plaintiff further indicated that he would renew a motion for substitution of judge, but that he and State Farm agreed that it should be presented to Judge Agran.

On December 11, 2007, the presiding judge of the chancery division of the Cook County circuit court granted plaintiff's motion to consolidate. On that same day, plaintiff filed his motion for substitution of judge as of right under section 2—1001 of the Code. State Farm objected to plaintiff's motion, arguing, *inter alia*, that granting plaintiff's motion would violate "separation of powers principles." At the hearing on plaintiff's motion on January 9, 2008, the trial judge stated that he did not agree with State Farm's argument because the supreme court's order "consolidated the cases but not specifically

before me." State Farm then asked for a brief continuance to pursue an interlocutory appeal, which the trial court granted. The next day, State Farm filed a motion to stay plaintiff's substitution of judge "order" and to certify the order for immediate interlocutory appeal.

On January 14, 2008, the trial court granted plaintiff's motion for substitution of judge as of right, as well as State Farm's motion to stay further proceedings and for certification for immediate interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308). On March 19, 2008, we granted State Farm's petition for leave to appeal.

■ As a preliminary matter, plaintiff filed in this court a motion to strike State Farm's opening brief, which we ordered taken with the case. Plaintiff claims in his motion that State Farm's brief violates various supreme court rules. We agree that portions of State Farm's brief violate Supreme Court Rules 342(a) and 341(h), in that irrelevant material is included in the appendix and State Farm's statement of facts contains argumentative and conclusory statements. It is within this court's discretion to strike or disregard those portions of a party's brief containing improper argument, conclusions, or inappropriate record citations. *Hubert v. Consolidated Medical Laboratories*, 306 Ill. App. 3d 1118, 1120 (1999). If, however, the " 'violations of supreme court rules are not so flagrant as to hinder or preclude review, the striking of a brief in whole or in part may be unwarranted.' " *Hubert*, 306 Ill. App. 3d at 1120, quoting *Merrifield v. Illinois State Police Merit Board*, 294 Ill. App. 3d 520, 527 (1997). In addition, plaintiff, citing *Haubner v. Abercrombie & Kent International, Inc.*, 351 Ill. App. 3d 112, 117 (2004), concedes that, as a general rule, this court is reluctant to grant motions to strike, preferring to simply disregard the improper material. Here, we do not find State Farm's violations to be so "flagrant as to hinder or preclude review," nor do we find that State Farm's statement of facts is so misleading as to hinder our analysis. Striking the brief is an inappropriate sanction, and we therefore elect to simply disregard the offending portions. Plaintiff's motion is hereby denied. We now turn to the merits of the appeal.

## ANALYSIS

State Farm contends that the trial court erred in granting plaintiff's motion for substitution of judge under section 2—1001 of the Code. Specifically, State Farm argues that plaintiff's repeated use of the substitution of judge statute "interferes with and undermines" the supreme court's transfer and consolidation order for two reasons. First, State Farm, quoting Rule 384 (137 Ill. 2d R. 384), claims that transferring the consolidated matter away from Judge Agran would

not " 'promote the just and efficient conduct' " of the matter because State Farm argued in its motion that Judge Agran had considerable experience in handling an issue that had been raised in *Jones*. Second, State Farm asserts that plaintiff's motion is "part of a larger plan to evade and undermine [the supreme court's transfer and consolidation orders] out of Madison County" and darkly predicts that plaintiff's counsel will continue to file putative class action lawsuits against State Farm "until the [s]upreme [c]ourt allows them to litigate there." State Farm then concludes that this court must reverse the trial court's order granting plaintiff's motion for substitution of judge because plaintiff's use of section 2—1001 of the Code in this case violates the separation of powers doctrine. Plaintiff responds that he has an "absolute right" to one timely substitution of judge, that his exercise of this right does not conflict with separation of powers principles, and that State Farm has waived consideration of this issue because State Farm failed to raise this matter when the *Jones* plaintiff filed his motion for substitution of judge in 2005. Waiver aside, State Farm's contention is without merit.

■ Supreme Court Rule 384 (137 Ill. 2d R. 384) provides in part as follows:

> "When civil actions involving one or more common questions of fact or law are pending in different judicial circuits, and the supreme court determines that consolidation would serve the convenience of the parties and witnesses and would promote the just and efficient conduct of such actions, the supreme court may, on its own motion or on the motion of any party ***, transfer all such actions to one judicial circuit for consolidated pretrial, trial, or post-trial proceedings."

In addition, the supreme court has supervisory and administrative authority over state courts, and the legislature may only enact laws that either complement its authority or have merely a "peripheral effect on court administration." *Kunkel v. Walton*, 179 Ill. 2d 519, 528 (1997); see also Ill. Const. 1970, art. II, §1 ("The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another"). Legislative enactments, however, enjoy a strong presumption of constitutionality, and if legislation conflicts with any rules of the judiciary, we must try to reconcile the legislation with the judicial rule. *Kunkel*, 179 Ill. 2d at 529.

■ Section 2—1001(a)(2) provides that a party is entitled to one substitution of judge as of right if timely exercised, and the judge shall grant the motion if it is made prior to trial and before the challenged judge has ruled on any substantial issue in the case. 735 ILCS 5/2—1001(a)(2) (West 2006). Furthermore, subsection (iii) of section

2—1001(a)(2) provides that, if a party has not entered an appearance in the case and has not been found in default, the trial court's prior rulings on any substantial issue before the party's appearance may not serve as the basis for denying a timely substitution of judge motion. 735 ILCS 5/2—1001(a)(2)(iii) (West 2006). If the party meets these "minimal requirements," its right to substitution of judge without cause is absolute. *Rodisch v. Commacho-Esparza*, 309 Ill. App. 3d 346, 350 (1999). Moreover, "the trial court does not have discretion to consider whether the movant had an opportunity to 'test the waters.' " *Illinois Licensed Beverage Ass'n v. Advanta Leasing Services*, 333 Ill. App. 3d 927, 933-34 (2002), quoting *Scroggins v. Scroggins*, 327 Ill. App. 3d 333, 336 (2002). We review *de novo* the trial court's ruling on a motion for substitution of judge as of right to determine whether it violated a supreme court rule. See *Illinois Licensed Beverage Ass'n*, 333 Ill. App. 3d at 932 (review of a ruling on a section 2—1001 motion is *de novo*); *Burger v. Lutheran General Hospital*, 198 Ill. 2d 21, 31 (2001) ("The constitutionality of a statute is a question of law subject to *de novo* review").

▮ In this case, State Farm filed a motion with the supreme court to transfer the case at bar to Cook County and consolidate it with two other existing cases because the presiding trial judge "had had considerable experience in addressing the issues raised" in the other cases. The supreme court then granted the motion, but simply ordered the case at bar to be "transferred to the Circuit Court of Cook County and consolidated with *Eavenson* \*\*\* and *Snead*." State Farm concedes that the supreme court's order does not name any particular Cook County judge that must preside over the consolidated cases. In other words, the supreme court, under Rule 384, merely transferred the case at bar from Madison County to Cook County. Plaintiff then filed his section 2—1001 motion, seeking a substitution of judge within Cook County circuit court, which was prior to trial and before plaintiff entered into the consolidated action. There is nothing in the record to support State Farm's claim that the supreme court granted State Farm's motion to transfer with the intention that only Judge Agran would preside over the consolidated cases—Rule 384 allows for a transfer because of common issues of fact or law, not because of the expertise of any particular trial judge. See 137 Ill. 2d R. 384. We also find no support in the record for State Farm's second claim that plaintiff is engaging in a plan to evade the supreme court's orders and will continue to file multiple lawsuits until the supreme court surrenders to plaintiff's insistence on litigating in Madison County. Under the facts in the record, we see no irreconcilable conflict between the statute and the supreme court rule. See *Kunkel*, 179 Ill. 2d at 529. As

such, and even assuming *arguendo* that a private litigant can violate the separation of powers provision of the Illinois Constitution, we hold that no such violation occurred under the facts of this case.

State Farm, however, contends that *People ex rel. Baricevic v. Wharton*, 136 Ill. 2d 423 (1990), and *O'Connell v. St. Francis Hospital*, 112 Ill. 2d 273 (1986) (as well as its "progeny"), establish that a private litigant's abuse of the substitution of judge statute "in an effort to evade" a Supreme Court Rule 384 order to consolidate constitutes a violation of the Illinois Constitution's separation of powers clause. State Farm's reliance is misplaced.

In *Baricevic*, the petitioner, State's Attorney John Baricevic, filed motions for substitution of judge in six criminal cases over which the same judge, the respondent Judge Wharton, had been presiding. *Baricevic*, 136 Ill. 2d at 428. Judge Wharton determined that Baricevic "was using the motions in an attempt to cause the chief judge of the circuit court to remove [the respondent] from the felony docket of the circuit court." *Baricevic*, 136 Ill. 2d at 429. Judge Wharton then concluded that Baricevic's actions violated the separation of powers clause of the Illinois Constitution, and denied the motions. *Baricevic*, 136 Ill. 2d at 429. On appeal, the supreme court stated that the " ' "real thrust of the separation of powers philosophy is that each department of government must be kept free from the control or coercive influence of the other departments." ' " *Baricevic*, 136 Ill. 2d at 432, quoting *City of Waukegan v. Pollution Control Board*, 57 Ill. 2d 170, 175 (1974), quoting 1 F. Cooper, State Administrative Law 16 (1965). The *Baricevic* court further held that when "*members of the legislative or executive branch* unduly interfere" with the court's judicial power, the court had a duty to preserve its independence. (Emphasis added.) *Baricevic*, 136 Ill. 2d at 432. The court noted that State's Attorney Baricevic admitted that, prior to filing his motions to substitute Judge Wharton, he had contacted the chief judge of the circuit court and requested that Judge Wharton be reassigned. *Baricevic*, 136 Ill. 2d at 434. In addition, the chief judge of the circuit court informed Judge Wharton that he would no longer assign any new felony cases to Judge Wharton because Baricevic indicated that he would continue substituting Judge Wharton in felony matters. *Baricevic*, 136 Ill. 2d at 434-35. The court stated that these facts "suggest that the State's Attorney (who, in acting as prosecutor, was acting as a member of the executive branch ***) used [the substitution of judge statute] as a coercive tool to thwart the chief judge's independent exercise of his assignment authority," which "poses a substantial threat to the dignity and independence of the judiciary." *Baricevic*, 136 Ill. 2d at 435. The court then denied the State's Attorney's motion

for a supervisory order to direct Judge Wharton to grant the motions for substitution of judge. *Baricevic*, 136 Ill. 2d at 440.

In *O'Connell*, the plaintiff filed suit against the defendants for alleged medical malpractice. *O'Connell*, 112 Ill. 2d at 276. The defendants filed a motion to dismiss pursuant to Supreme Court Rule 103(b) (87 Ill. 2d R. 103(b)), based upon the plaintiff's lack of diligence in serving process. *O'Connell*, 112 Ill. 2d at 276-77. The plaintiff then filed a motion to voluntarily dismiss his complaint pursuant to section 2—1009 of the Code, which the trial court granted. *O'Connell*, 112 Ill. 2d at 277. The plaintiff then refiled his complaint as provided under section 13—217 of the Code. *O'Connell*, 112 Ill. 2d at 277. The defendants again filed a Rule 103(b) motion to dismiss, based upon the plaintiff's lack of diligence in serving the original lawsuit, but the trial court denied the defendants' motion. *O'Connell*, 112 Ill. 2d at 277. On appeal, the supreme court noted that the plaintiff filed his complaint on the last day of the limitations period, and then waited eight months before attempting service of process, despite the fact that the plaintiff's wife (according to the defendants) was an employee of the defendant hospital at the time of the plaintiff's injury. *O'Connell*, 112 Ill. 2d at 282-83. The court held that, "[u]nder such circumstances," sections 2—1009 and 13—217 infringed upon the judiciary's fair and expeditious discharge of its duties, and that section 2—1009, insofar as it directs the trial court to dismiss a case, also infringes upon the exclusive authority of the judiciary's rendering of judgments. *O'Connell*, 112 Ill. 2d at 283. The court then held that, "where a plaintiff relies on sections 2—1009 and 13—217 in response to a pending Rule 103(b) motion, the Rule 103(b) motion must be heard on its merits prior to a ruling on plaintiff's motion to dismiss under section 2—1009." *O'Connell*, 112 Ill. 2d at 283.

Here, neither provision is at issue in this case. Moreover, it is well established that *O'Connell* is to be "read and applied narrowly," because a "general sense of unease with the particular results under the dismissal statute is not necessarily the same as an infringement on [the supreme court's] supervisory authority." *Gibellina v. Handley*, 127 Ill. 2d 122, 133 (1989). We therefore decline State Farm's invitation to expand the reach of *O'Connell*. *O'Connell* is therefore unavailing.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

CAHILL and McBRIDE, JJ., concur.